ESTHER LYONS v. INSLEY, SHIRE & CO.

ATTACHMENT, *Unauthorized.* Sections 230 and 231 of the civil code have no application to cases brought before a justice of the peace, and therefore a justice of the peace is not authorized to issue an attachment upon a claim before due.

*Error from Leavenworth District Court.*

THE opinion states the case. February 2, 1884, plaintiffs, *Insley, Shire & Co.*, recovered a judgment against defendant, *Lyons*, who brings it here for review.

*Wm. Dill*, and *Jas. P. Stinson*, for plaintiff in error.

*Stillings & Stillings*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are as follows: Insley, Shire & Co., on June 20, 1883, commenced an action before a justice of the peace of Leavenworth city, on a note for $200.02, executed by W. Wettingill & Co., a firm composed of William Wettingill and Esther Lyons, dated April 26, 1883, payable sixty days after date to the order of Gillett & Malone. This note was indorsed by Gillett & Malone. Wm. Wettingill could not be found in the county, but service of summons was made upon Esther Lyons. At the time the action was commenced, Gillett, as agent for Insley, Shire & Co., made an affidavit for attachment, alleging, as grounds therefor, that—

"The defendant, Esther Lyons, was about to remove her property, or a part thereof, out of the jurisdiction of the court, with intent to defraud her creditors; and was about to convert her property, or a part thereof, into money, for the purpose of placing it beyond the reach of her creditors; and was about to assign, remove and dispose of her property, or a part thereof, with intent to defraud, hinder and delay her creditors; and had assigned, removed and disposed of her property, or a part thereof, with the intent to defraud, hinder and delay her creditors."

On the day that the summons was returnable, Esther Lyons

appeared specially before the justice, and presented her motion to dissolve the attachment for the reason that the justice had no authority to issue the attachment, as the note sued on was not due.   The hearing of this motion was continued to June 25, 1883.   On that day the motion was overruled, and the note not being yet due, the hearing of the case was continued to June 29, 1883.   Upon that day, Insley, Shire & Co. were present by their attorneys, Messrs. Stillings & Stillings, but the defendant did not appear.   Judgment was rendered in favor of the plaintiffs for the amount of the note with interest and costs, and an order issued for the sale of the attached property.   Lyons prosecuted a writ of error to the district court, where, upon hearing, the judgment was affirmed.

The question in the case is:   May a creditor bring an action on his claim before it is due, before a justice of the peace, and have an attachment against the property of the debtor?   On the part of Lyons, it is contended that the act regulating the jurisdiction and procedure before justices of the peace in civil cases does not authorize an attachment upon a claim before due.   It is contended by Insley, Shire & Co., however, that under § 185 of the justices code, §§ 230 and 231 of the civil code are as applicable to justices' courts as to any other courts, and a justice may order an attachment before the claim is due, when the proper affidavit is filed, as well as in any other court.   Sec. 185 of the justices code reads:

"The provisions of an act entitled 'An act to establish a code of civil procedure,' which are in their nature applicable to the jurisdiction and proceeding before justices and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

Sec. 230 of the code of civil procedure provides:

"Where a debtor has sold, conveyed, or otherwise disposed of his property, with the fraudulent intent to cheat or defraud his creditors, or to hinder or delay them in the collection of their debts; or is about to make such sale, or conveyance, or disposition of his property, with such fraudulent intent; or is about to remove his property, or a material part thereof, with the intent or to the effect of cheating or defrauding his cred-

itors, or of hindering or delaying them in the collection of their debts, a creditor may bring an action on his claim before it is due, and have an attachment against the property of the debtor."

Section 231, as amended by chapter 122, Laws of 1883, provides:

"The attachment authorized by the last section may be granted by the court in which the action is brought, or by the judge thereof, or, in his absence from the county, by the probate judge of the county in which the action is brought; but before such action shall be brought or such attachment shall be granted, the plaintiff, or his agent or attorney, shall make an oath in writing showing the nature and amount of the plaintiff's claim, that it is just, when the same will become due, and the existence of some one of the grounds for an attachment enumerated in the preceding section."

If these latter provisions are applicable to proceedings before justices of the peace, the district court committed no error in affirming the judgment. On the other hand, if these sections are not applicable, the judgment is erroneous, and must be reversed.

Said § 185 of the justices code makes the provisions of the civil code applicable to proceedings before justices of the peace only where there is no special provision otherwise made by statute; and article 4 of the justices code makes special provision in respect to attachment, and contains twenty-seven sections relating to attachment and garnishment, but nowhere in this article is an attachment authorized to be issued on a claim before it is due. Evidently it was intended by the legislature that the various sections of the justices code should cover the whole ground for attachment proceedings before justices of the peace; therefore we do not think that said §§ 230 and 231 of the civil code have any application to attachment cases brought before justices of the peace. With this conclusion, the ruling of the district court was erroneous. (*Kerner v. Petigo*, 25 Kas. 652; *Connelly v. Woods*, 31 Kas. 359.)

The judgment of the district will be reversed, and the case remanded.

All the Justices concurring.