The First National Bank of Hennessey v. J. P. Hesser.

(Filed March 4, 1904.)

1. **ATTACHMENT—Lien of.** Where a sheriff is in the legal possession of personal property by force of an order of attachment rightfully issued, he is entitled to continue such possession until the lien acquired thereby is los, or the property disposed of by force of it, or the lien is satisfied.

2. **CHATTEL MORTGAGE—Lien of.** A mortgage upon chattel property must be recorded or filed in the county where the property is located, in order to become a lien as against creditors and innocent purchasers, and incumbrancers for value.

3. **PROBATE COURT—Jurisdiction.** Actions for the recovery of specific personal property in the probate courts of this Territory are governed by the procedure applicable to justice of the peace courts where the value of the property sought to be recovered is less than one hundred dollars.

4. **JURISDICTION OF THE PERSON.** Action brought against two joint obligors is properly brought in any county where one of them may be summoned and in such case summons may properly be issued to and served upon the other in any county of the Territory, and in such case the court has jurisdiction of the person of both defendants.

5. **ATTACHMENT—Lien Not Lost.** Where an attachment is properly issued upon filing with the court a sufficient affidavit and bond, and property is taken thereunder, the lien of the attachment is not lost by a failure on the part of probate or justice of the peace court to make proper docket entries of the issuance of such order of attachment.

6. **CIVIL ACTION—Where Instituted.** Under the provisions of sec. 10 of the Organic Act of the Territory, which provides among other things, "All civil actions shall be instituted in the county in which the defendants or either of them reside or may be found," it is requisite that all personal actions shall be brought in the county where the defendants or one of them resides or may be found, and the court cannot acquire jurisdiction in such case by the issuance of summons to another county, or by publication notice.

(Syllabus by the Court.)

*Error from the District Court of Payne County; before Jno. H. Burford. Trial Judge.*

*George P. Uhl,* for plaintiff in error.

*F. C. Hunt,* for defendant in error.

### STATEMENT OF FACTS.

This is an action brought by the First National Bank of Hennessey, Kingfisher county, O. T., against the defendant, J. P. Hesser, sheriff of Payne county, O. T.

The plaintiff brings action in replevin, basing title upon a chattel mortgage executed to it by one G. W. Baker, for an actual loan of $360.00, at Hennessey, O. T., where said mortgage was executed and delivered, on April 13, 1901, the property mortgaged being at the time at Stillwater, in Payne county. Said mortgage was not at the times hereinafter mentioned filed or recorded in Payne county. The mortgagor, G. W. Baker, prior and up to the 24th day of March, 1901, was a resident of Stillwater, Payne county, where he had an office and law library, and prior to the 24th day of March, to wit: February 13, 1901, he had mortgaged this library to the First National Bank of Stillwater, including in said mortgage a span of horses, harness and buggy.

On the 24th day of March, 1901, Baker went to Hennessey, driving the horses, harness and buggy, so mortgaged to the First National Bank of Stillwater.

At that time he and one Pink Taylor were jointly indebted to one W. L. Dix in Stillwater, in the sum of $47.00, and he, Baker, was also indebted to the National Bank of Commerce of Stillwater in the sum of $65.50 on two prom-

issory notes executed to said bank with one Millikan as surety thereon.

It seems that Baker, after going to Hennessey, determined to locate there in business, and the First National Bank of Stillwater becoming alarmed for the security of its claim against Baker, sent the deputy sheriff and an attorney to Hennessey after him. Upon their arrival there, Baker, on the 13th of April, went to the First National Bank of Hennessey, and borrowed the $350.00 hereinbefore mentioned, executing the mortgage in question as security therefor. With this money the mortgage of the First National Bank of Stillwater was paid off and released.

Thereupon and on the 16th day of April, the said W. L. Dix brought suit against Baker in the probate court of Payne county to recover the amount claimed to be due him on the note of Baker and Taylor, of $47.00, and caused a writ of attachment to be issued out of said probate court which was immediately levied upon a portion of the library of Baker, yet in Stillwater, and because of this attachment the defendant, sheriff Hesser, refused to deliver on demand the possession of the mortgaged property to the Bank of Hennessey. Afterwards, on the 23rd day of April, the National Bank of Commerce assigned the note of Baker above mentioned to the surety thereon, one Millikan, who on that date also instituted suit for the amount of that debt against Baker, causing an attachment also to be issued and levied upon the balance of Baker's library not levied on by the Dix attachment. On the 13th day of May following, the First National Bank of Hennessey brought suit against Hesser, sheriff of Payne county to recover possession under its mortgage of the li-

brary of Baker thus attached in the Dix and Millikan cases.

From the evidence taken upon the trial, and from the facts and circumstances detailed in the evidence, it is evident that Baker's residence at the time he was sued in the probate court of Payne county was in Oklahoma, and was known to be in Hennessey, Kingfisher county. In fact, one of the attorneys who brought these suits against him in the probate court was the attorney who went to Hennessey to settle the mortgage of the First National Bank of Stillwater against him. His name also appears as a witness to the mortgage of Baker to the Hennessey Bank sued on herein.

The record nowhere questions the fact of Baker's residence in the territory, and there is no pretense that his residence and whereabouts was secret or not generally known.

Baker did not appear in the probate court in defense to the actions there brought. The sheriff after levy of the attachments returned the summons, "Not found in my county." Defendant (sheriff) made an affidavit that he was unable to find Baker in Payne county and upon the making of same the probate judge continued the cause for service by publication, which was accordingly made.

The trial in the district court of Payne county resulted in a judgment for the defendant Hesser, holding that his title under the probate court attachment was a first and better lien than that of the plaintiff under its mortgage, and ordering the return of the property for a failure to pay to defendant $140.00, the amount found due by the judgment of the probate court in the two cases, from which judgment and holding the plaintiff brings the case to this court upon errors assigned.

Opinion of the court by

GILLETTE, J.: No question is raised in the record touching the validity of plaintiff's mortgage or of plaintiff's right of possession thereunder, of the property sought to be taken in replevin, so far as the owner and mortgagor, G. W. Baker, is concerned.

This action was replevin, brought by the plaintiffs to recover from the defendant the property mortgaged by Baker to plaintiff.

The case presents a question of right of possession as between plaintiff and defendant Hesser, who was at the time sheriff of Payne county, and claimed the right of possession by force of two orders of attachment against the property of Baker, issued out of the probate court of said county.

The cause was tried in the district court of Payne county in December, 1902, resulting in a judgment for the defendant Hesser, requiring the plaintiff to return to defendant all the property of G. W. Baker taken under the two attachments in default of payment to him of $140.00, the amount found by the probate court to be due in the two actions against him in that court.

If the defendant at the time of bringing this action, May 13, 1901, was legally holding the property covered by plaintiff's mortgage, under valid process issued by the probate court, he was entitled to continue the possession until the lien acquired thereby was lost, or the property was disposed of by force of it, or the lien secured thereby was satisfied, for the reason that plaintiff's mortgage was executed in Kingfisher county, where the mortgagor, Baker, then resided, upon property then located in Payne county, and

which said mortgage had not, at the time the property was taken on attachment, been filed for record in Payne county. Such mortgage for want of record in Payne county was, at the time, void as to creditors and innocent purchasers. (*Greenville National Bank v. Evans Co.,* 9 Okla. 353.)

The correctness of the determination of the district court is challenged first upon the ground that no valid process is, by the record, shown to have been in the sheriff's hands, at the time the plaintiff demanded the property under, and by virtue of its mortgage.   Such process was issued by the probate judge of Payne county in two cases: viz: Dix v. G. W. Baker and Pink Taylor, and second: Millikan v. G. W. Baker, each of which was brought to recover a sum less than $100.00 and in each of which cases an attachment was issued against the property of defendant therein, G. W. Baker, under and by force of which the defendant herein Hesser, sheriff, claimed the right of possession.

In such cases the probate judge acts with the jurisdiction of a justice of the peace and is governed by the procedure applicable to such jurisdiction.   See Sec. 2, Art. 15, Chap. 18, Statutes of 1893.

The actions in the probate court against Baker at the time they were brought were actions *in personam,* and in the Dix case being rightfully brought against G. W. Baker and Pink Taylor, Taylor being a resident of Payne county, service first had upon him in that county, authorized service against Baker in Kingfisher county.

The action in this case was therefore rightfully brought in Payne county and the probate judge had jurisdiction to issue the order of attachment in that case upon the filing of the necessary affidavit and proper bond.

It is contended by the plaintiff that the transcript from the probate court offered in evidence in this, the Dix case, does not show such compliance with the law governing justice of the peace procedure as to give the act of the probate judge issuing the process relied upon in this (Dix) case, any validity whatever. It is true that sec. 4835, Statutes of 1893, requires a justice of the peace to keep a docket in which he must enter at the time of its occurrence, the title of the case, the date of the writ, the time of the return, and if an' attachment issued that fact should be stated, together with the affidavit upon which such order was made, etc., all of which requirements were by the probate court disregarded and not complied with.

It is unquestionably true that cases may arise, wherein the existence of such record becomes necessary to be shown; but is *this* that kind of a case?

The issue here is the question of the lien of the attachment and the date such lien went into effect as against the property in question. It was therefore only necessary to show a valid lien, that the attachment was issued from a court having jurisdiction and that the same when issued was based upon sufficient authority filed with the court in compliance with the law in such cases to justify its issuance, and if so issued the person securing it and a levy thereunder, would not lose the lien secured thereby upon the property attached, because of the fact that the justice of the peace or the probate judge failed to make satisfactory docket entries of the proceedings before him. In this case it is shown that Mr. Dix, on the morning of April 16, 1901, procured from the probate court of Payne county an order

of attachment against the property of G. W. Baker, and se-- cured the same by filing in said court the affidavit and bond required by the law, and such attachment was immediately levied upon a portion of the property involved herein.

Afterwards, on the same day, the plaintiff herein de-- manded possession from the sheriff of all' of Baker's prop- erty, including the portion so levied upon, the sheriff hav- ing the key to the room in which all of the property was situated.

The plaintiff, the Hennessey Bank, had a right to such possession at the time of this demand as against the mort- gagor Baker, but not as against the defendant Hesser, to the extent of the property so attached by him.

We cannot agree with the contention of counsel for plain- tiff that the lien so acquared was lost by a failure on the part of the probate judge to make the necessary docket entries of this transaction. Enough is shown to satisfactorily establish the fact that the plaintiff in that case, Dix, had at that time secured a legally authorized attachment to issue, which in the hands of the sheriff, Hesser, had ripened into a valid subsisting lien as against the right of the plaintiff bank, under its unrecorded mortgage.

In the Dix case only a small portion of the property covered by plaintiff's mortgage was levied upon by the sher- iff, some 27 volumes of books and a desk and three chairs, leaving a large number of law books in the office at the time the sheriff made the Dix levy, not covered thereby, and these the plaintiff was entitled to the possession of, by virtue of its mortgage thereon.

There are other questions presented by the brief of

plaintiff which seem to have had some consideration in the trial of the case, but they are each of them questions which do not go to the jurisdiction of the probate court in the attachment relied upon, but tend, rather, to present a question of error in the probate court in the procedure in that tribunal, resulting in a judgment against Baker in that court.

With such questions this court has no concern. Errors of procedure in the probate court resulting in a judgment against Baker, for the enforcement of which an order of sale might issue to sell the attached property, are not questions which can come to this court for review in the manner here presented. Such errors can only be corrected in this court by a direct appeal from the decision of the probate court.

There yet remains for consideration in this case one other important question which applies to the conclusion reached in the trial court in its determination, that defendant, Hesser, was entitled to the possession of the property taken on the attachment in the case of Millikan v. Baker. We have already noticed that in the case of Dix v. Baker, there were two defendants, one of whom, Taylor, was rightfully summoned in Payne county, and this fact authorized process against the other defendant, Baker, in any other county of the Territory. The court in such cases has jurisdiction of the subject-matter and of the parties. But this does not seem to have been the condition in the case of Millikan v. Baker. In this case Baker was the only defendant, and he was at the time of commencing the action residing in Kingfisher county, having moved there from

Payne county about six weeks previous to the bringing of the suit by Millikan. His residence in Kingfisher county was open and notorious.

The action against him was not an action *in personam.* When suit was brought, the attachment being levied and summons returned, "Not found in Payne county," the case was by order of the probate court continued pending service by publication upon Baker, which was accordingly made, and was the only service made in that case. There was no appearance made by Baker in the probate court.

The correctness of the determination of the trial court, holding the attachment in this case of Millikan v. Baker to be a first lien upon the property attached, is challenged upon the ground that said attachment when issued was void for want of jurisdiction in the probate court to issue the same. In support of this contention plaintiff in error cites sec. 10 of the Organic Act of the Territory, which, among other things, provides: "And all civil actions shall be instituted in the county in which the defendant or either of them reside, or may be found."

If it may rightfully be contended that the action of Millikan v. Baker was an action *in rem,* numerous authorities might be cited in support of the jurisdiction of the probate court, among them the supreme court of the United States, *Central Loan and Trust Co. v. Campbell,* 173 U. S. 97, where that court construes this provision of the Organic Act, in the following language:

"It is insisted that under the Organic Act of the Territory, the court could not acquire jurisdiction of the person of the defendant by constructive service by foreign attachment without his consent.

"The section of the Organic Act referred to requires that all civil actions shall be brought in the county where a defendant resides or can be found. In a proceeding by attachment of property, which is in the nature of an action *in rem,* it is elementary that the defendant is found, to the extent of the property levied upon, where the property is attached. It would be an extremely strained construction of the language of this act to hold that congress intended to prohibit a remedy universally pursued, that of proceeding against the property of non-residents in the place of the territory where the property of such non-resident is found."

This determination of the supreme court of the United States is cited by the defendant in error in support of his contention that the action of Millikan v. Baker in the probate court, was a proceeding *in rem* or *quasi in rem.* We think the authority not applicable.

There is no parallel between the cases, unless it may be said that an action is rightfully a proceeding *in rem* when brought in a county where a defendant resident of the Territory may not be summoned, with the purpose of appropriating his personal property by attachment to the satisfaction of a debt.

This is not the law, and such proceedings are barred by the Organic Act above cited, in that jurisdiction is not and cannot be authorized by statute over the person or property of a defendant resident of the Territory, in a county where such defendant does not reside or may not be summoned.

There are no qualifications to the provisions of the Organic Act, and its language is mandatory that "All civil actions shall be instituted where the defendant resides," etc.

An action which has for its purpose the subjection of

property to the payment of a debt, and is commenced by attachment for that purpose, is a civil action, and must be brought "in the county where the defendant resides or may be found."

If not so brought, the court entertaining the proceeding is without jurisdiction, and its action is void.

This we find to have been the condition in the case of Millikan v. Baker, in the probate court of Payne county.

Such court, therefore, had no jurisdiction to issue the order of attachment relied upon by the defendant, sheriff Hesser, in the district court. It follows that the conclusions reached by the court below, were erroneous to the extent here indicated. See *Foster v. Cimmaron Valley Bank,* decided at this term of court.

The judgment of the district court sustaining the attachment of W. L. Dix v. Baker & Taylor for the satisfaction of his debt, amounting to $42.66, is affirmed, and the sheriff of Payne county is hereby awarded possession of the attached property in that case for the satisfaction of such sum and the costs of the probate court therein.

The plaintiff is hereby adjudged to be rightfully in possession of the property attached in the case of Millikan v. Baker. The costs in the district court and in this court will be equally divided between the plaintiff and defendant.

Burford, C. J., who presided in the court below, not sitting; all the other Justices concurring.