## FRIEDMAN v. FIRST NAT. BANK OF CLEVELAND.

No. 3232.    Opinion Filed October 14, 1913.

(135 Pac. 1069.)

1. **VENUE—Action for Debt—Residence of Parties.** A civil action, seeking to subject the property of a resident of the state to the payment of a debt, must be commenced in the county where the defendants or one of them reside or may be summoned.

2. **PROCESS—Action Against Resident—Sufficiency of Service.** In civil actions against residents of the state jurisdiction is acquired by personal service of summons or voluntary appearance, and cannot be obtained by publication service.

3. **JUDGMENT—Validity—Jurisdiction—Process.** Where a civil action is commenced against two residents of the state in a county other than that of their residence, and a garnishment summons is issued and served upon a resident of the county where the action is commenced, and the defendants are not served with summons and make no appearance, and service by publication is attempted to be made upon them, a judgment rendered by default in such action is absolutely void.

(Syllabus by Galbraith, C.)

*Error from County Court, Pawnee County;*
*Fred S. Liscum, Judge.*

Action by C. Friedman against the First National Bank of Cleveland. Judgment for defendant, and plaintiff brings error. Affirmed.

*William Blake* and *A. C. Haswell,* for plaintiff in error.

*Biddison & Campbell,* for defendant in error.

Opinion by GALBRAITH, C. The plaintiff in error in March, 1911, commenced an action against the defendant in error before a justice of the peace of Cleveland, Pawnee county,

Okla. The trial resulted in a judgment for the plaintiff, and defendant appealed to the county court. In the county court, after the jury had been impaneled and the evidence of the plaintiff introduced, the court sustained a demurrer to the evidence, discharged the jury, and rendered judgment against the plaintiff for costs. The plaintiff presented a motion for new trial, which was overruled. The case is here on petition in error and case-made.

Error is assigned in sustaining the objection to certain evidence offered during the course of the trial, also in sustaining a demurrer to the evidence after the plaintiff had rested, and denying the motion for new trial. Plaintiff's cause of action was based upon certain proceedings had before a justice of the peace at Cleveland, in Pawnee county, which it was contended created a liability in favor of the plaintiff in error and against the defendant in error. In brief these proceedings were as follows: The plaintiff in error, on the 13th day of December, 1910, commenced a suit before a justice of the peace at Cleveland against the Porter State Bank, of Porter, and F. Y. Goldsborough, also a citizen of Wagoner county, seeking to recover $142.68, alleged to have been due on breach of contract. Garnishment summons was issued and served on the First National Bank of Cleveland, Pawnee county. Summons was issued for the defendants in this action, directed to the sheriff of Pawnee county, and returned not found. The garnishee appeared and answered, setting out in its answer that it had received from the National Reserve Bank of Kansas City a draft with bill of lading attached, drawn at Porter, Okla., on the plaintiff in error at Cleveland, care of the First National Bank, by F. Y. Goldsborough, in favor of the Porter State Bank, and indorsed by the Porter State Bank. That this draft was for $134.60 and had been paid by the drawee named therein. There was no appearance in said suit by the defendants, or either of them, and service was attempted to be made upon them by publication, and later a judgment was rendered by default against them for the amount claimed in the bill of particulars, and the garnishee was ordered

to pay into court $134.60, which it refused to do, and this action was commenced on the theory that the proceedings as hereinbefore recited in the suit against Goldsborough and the Porter State Bank created a liability against the garnishee in favor of the plaintiff in error. On the trial of the cause in the county court, a part of the record of the proceedings had before the justice of the peace in the suit commenced on December 13, 1910, was admitted in evidence and a part excluded. However, it is immaterial whether this record was all admitted or not in the trial of the cause below, since, if it had all been admitted, the action of the county court in sustaining a demurrer to the evidence must be held to have been right for the reason that the judgment and order upon which the plaintiff in error relies to establish his claim was absolutely void and created no right in favor of the plaintiff in error and against the defendant in error, because the justice of the peace rendering the judgment in said proceeding and making the order directing the garnishee to pay the money into court had acquired no jurisdiction of the defendants in that action or of the subject-matter, and therefore could not render a valid judgment or make a binding order. The defendants in that suit were citizens of Oklahoma and residents of Wagoner county. The defendants had the right to be sued in the county of their residence or where they might be summoned. They were not residents of Pawnee county and could not be personally served with summons therein. The plaintiff had no right to commence that suit in Pawnee county. Section 5589, Comp. Laws 1909 (Rev. Laws 1910, sec. 4679).

This identical question came before the Supreme Court of Oklahoma Territory in a case wherein the facts in all material respects are identical with those in the instant case. In the case of *Weller v. Western State Bank,* 18 Okla. 478, at page 487, 90 Pac. 877, at page 880, Mr. Justice Irwin, speaking for the court, after quoting the provisions of the Organic Act and of the statutes in regard to the place of commencement of civil actions, said:

"These provisions of the Organic Act and of our Code have been referred to with approval and held to be the settled law governing the courts of this territory by our own Supreme Court in the case of *Burke v. Malaby,* 14 Okla. 650, 78 Pac. 105. The record in this case showing that the defendant in attachment proceedings, Weller, was a resident of Kiowa county at the time of the commencement of the attachment proceedings, and the fact that no service was had on him in Garfield county, any judgment that might be rendered by the justice court in that attachment proceeding would be absolutely void for want of jurisdiction and would be no protection to the bank in paying out any money on the judgment in garnishment rendered against them by the justice."

It will be noted that there is a slight difference between the language of the Code (Comp. Laws 1909, sec. 5589 [Rev. Laws 1910, sec. 4679]), and the Organic Act of Oklahoma Territory (Act May 2, 1890, c. 182, sec. 30, 26 St. at L. 94). The latter provides that "all civil actions shall be instituted in the county in which the defendant, · or either of them reside, or may be found." While the statute (section 5589) provides that "every other action must be brought in the county in which the defendant, or some one of the defendants, reside or may be summoned."

The Supreme Court of Oklahoma Territory said, in construing this provision in the case of *First National Bank of Hennessey v. Hesser,* 14 Okla. 115, at page 125, 77 Pac. 36, at page 40:

"An action which has for its purpose the subjection of property to the payment of a debt and is commenced by attachment for that purpose is a civil action and must be brought 'in the county where the defendant resides or may be found.' If not so brought, the court entertaining the proceedings is without jurisdiction, and its action is void."

To the same effect is the decision of this court in *Welch v. Ladd,* 29 Okla. 93, 116 Pac. 573.

As to the attempted service of the defendants by publication, the Supreme Court of Oklahoma Territory, in *Hockaday v. Jones,* 8 Okla. 156, at page 159, 56 Pac. 1054, at page 1055, held that jurisdiction of the person of a resident of the state

could only be acquired by personal service of summons or by his voluntary appearance, and that such jurisdiction could not be obtained by publication service.

"The trial court having found that no personal service had been had upon Jones, and that, at the time constructive service by publication was sought to be obtained, he was not a non-resident of the territory but was a resident therein, and by due diligence personal service could have been had upon him, do such findings support the conclusion that the court rendering the judgment upon such attempted constructive service was without jurisdiction, and the proceedings and judgment absolutely void? This must be answered in the affirmative. Jurisdiction in *quasi* proceedings *in rem* implies jurisdiction of the person as well as of the subject-matter. Jurisdiction of the person is acquired by appearance or service. There is no appearance. Service is obtained by summons upon a resident, by publication upon a non-resident, or one concealed and beyond the reach of summons. Service in this case was by publication, but the defendant was a resident and not concealed. Therefore the publication was inoperative to bring the defendant into court, and the judgment void for want of jurisdiction of the person. *Bixby v. Bailey*, 11 Kan. 359; *Insurance Co. v. Robbins*, 53 Neb. 44, 73 N. W. 269; *Stamps v. Bridwell*, 57 Mo. 22; *Brown v. Woody*, 64 Mo. 547; Freem. Judgment (4th Ed.) sec. 117; 1 Black, Judgment, sec. 218; 12 Encl. Pl. & Prac. 179, and cases cited."

It is admitted by the record that Goldsborough and the Porter State Bank were citizens of the state of Oklahoma and residents of Wagoner county, but they were not summoned in Pawnee county and made no appearance in the suit filed against them there. It follows that the attempt to serve them by publication was of no avail and that the justice of the peace in Cleveland, Pawnee county, acquired no jurisdiction of the person of the defendant or of the subject of the action, and that the judgment rendered was absolutely void, and that the order made against the First National Bank of Cleveland, the defendant in error, to pay the money into court was without legal force or effect, and that all of the proceedings, taken together, in the case commenced December 13, 1910, were not sufficient

to create a legal liability in favor of the plaintiff in error and against the defendant in error.

The ruling of the court in sustaining the demurrer to the evidence was correct, as was its ruling in denying the motion for new trial.

The judgment appealed from should be affirmed.

By the Court:   It is so ordered.