### RICE v. ED HOCKADAY & CO.

No. 14441—Opinion Filed Feb. 5, 1924.

Rehearing Denied April 1, 1924.

(Syllabus.)

1. **Justices of the Peace—Attachment—Venue — Service by Publication—Validity of Judgment.**
Where H. & Co. instituted an action against R., before a justice of the peace in K. county, and filed an affidavit for attachment containing the grounds: "That the defendant had absconded with intent to defraud his creditors; had left the county of his residence to avoid the service of summons and so concealed himself that summons could not be served upon him," and the summons issued for defendant was returned not found, and where service was obtained by publication as prescribed by section 5373, Rev. Laws 1910, held, that the venue of said action was properly laid in K. county; that service by publication was proper, and the judgment rendered ordering a sale of the property attached was not void, and could not be attacked collaterally.

2. **Venue—Construction of Statute.**
Section 4679, Rev. Laws 1910, applies only to those defendants who are residents of the state, and not concealed, and has no application to one who so conceals himself that summons cannot be served upon him.

3. **Justices of the Peace—Service by Publication—Attachment Statutes.**
Sections 4722, 4723, and 4724, Rev. Laws 1910, have no application to cases brought before justices of the peace, in which property of nonresident, or one who so conceals himself that summons cannot be served upon him, has been attached.

Error from District Court, Kingfisher County; James B. Cullison, Judge.

An action by M. L. Rice against Ed Hockaday & Company and others. Judgment for defendants, and plaintiff brings error. Affirmed.

D. K. Cunningham, for plaintiff in error.

Boynton & Reilly, for defendants in error.

NICHOLSON, J. This was an action by the plaintiff in error, as plaintiff, against the defendants in error, as defendants, to recover damages for the sale of personal property of the plaintiff under an alleged void judgment.

It appears that on the 7th day of November, 1919, defendants Ed Hockaday & Company and W. A. Mitchell, acting for them, instituted an action against the plaintiff before the defendant H. E. Hopkins, justice of the peace in and for Kingfisher county, to recover the sum of $145.49, balance due on an account, and at the same time filed in said cause an attachment affidavit, in which it was stated that said defendant M. L. Rice "has absconded, with the intent to defraud his creditors; and has left the county of his residence to avoid the service of summons and so conceals himself that summons cannot be served upon him; and is about to convert his property, or a part

thereof, into money, for the purpose of placing the same beyond the reach of his creditors; and has assigned, removed, and disposed of his property, or a part thereof, with the intent to hinder, delay and defraud his creditors; and fraudulently contracted the debt and incurred the obligation for which the above entitled suit was brought."

Upon this affidavit, an order of attachment was issued and levied upon a threshing machine, the property of the defendant, but neither said order of attachment nor the summons issued were served upon Rice; the sheriff's return showing that he could not be found in Kingfisher county. Afterwards, notice by publication was given, and on December 19, 1919, judgment was rendered in favor of Ed Hockaday & Company for the amount sued for and the property attached was ordered sold, the journal entry of the judgment reciting that: "The defendant, having failed to appear, answer, demur, or otherwise plead in this case, is adjudged to be in default.

On January 6, 1920, Rice filed in said cause a special appearance and motion to vacate and set aside the judgment and order of sale on the ground that the court never acquired jurisdiction to render the judgment nor make an order of sale in said cause for the reason that said defendant was then, and at all times prior to the dates mentioned by the plaintiff, a citizen and resident of the state of Oklahoma, and was then and had been at all times since the 30th day of October, 1919, residing in Wynnewood in Garvin county, and was not in Kingfisher county since prior to the commencement of said action, and was not served with summons or any process in said action, and did not appear nor authorize any one to appear for him in said cause prior to the filing of said motion. This motion was overruled. The property was sold to Ed Hockaday & Company, and this action was brought by Rice to recover of Ed Hockaday & Company, and W. A. Mitchell, the sum of $3,500, the value of said threshing machine, and the sum of $3,500 as damages to his reputation. Upon the application of Ed Hockaday & Company, L. L. Shannon, Louis Vieth, John Toilson, and H. E. Hopkins were made parties defendant. Upon the trial of the cause and in the course of the examination of the plaintiff, the defendant objected to the introduction of any further evidence on behalf of the plaintiff, and moved the court to dismiss the action, for the reason that such action was a collateral attack upon the aforesaid judgment of the justice of the peace. This objection was by the court sustained and the cause dismissed, and it is this action of the court of which the plaintiff complains.

The only question necessary to notice is, whether or not the justice of the peace had jurisdiction. If so, his judgment cannot be attacked collaterally. If he did not have jurisdiction, then such judgment is void and may be attacked in this collateral proceeding.

On behalf of Rice, it is contended that he was a resident of Garvin county and that Hockaday & Company and Mitchell knew this fact at the time they attached his property in Kingfisher county; that by the provisions of section 4679, Rev. Laws 1910, he could be sued only in the county in which he resided or might be found; that the summons and order of attachment were not served on him personally; that he did not enter his appearance in said cause and there was no sufficient showing to entitle the plaintiff to obtain service by publication.

As we view this case, the decisive question is, whether or not the action in the justice court was one in which service could properly be obtained by publication. By the provisions of section 5366, Rev. Laws 1910, the plaintiff in a civil action before a justice of the peace for the recovery of money may, at or after the commencement thereof, have an attachment against the property of the defendant upon certain grounds, among which are when the defendant has absconded with the intent to defraud his creditors or has left the county of his residence to avoid the service of summons or so conceals himself that summons cannot be served upon him.

It was under this statutory provision that the order of attachment against the property of Rice was issued, and the affidavit therefor contains the grounds above mentioned.

By section 5373, Rev. Laws 1910, it is provided that if the order of attachment is made to accompany the summons, a copy thereof and the summons shall be served upon the defendant if he can be found within the county, and where any property of the defendant has been taken under the order of attachment, and it shall appear that the summons has not and cannot be served upon the defendant in the manner prescribed by law, the justice shall continue the cause for a period of not less than 30, nor more than 50 days, and the plaintiff shall proceed to obtain service by publication as therein provided.

It appears from the record that the sum-

mons was not and could not be served up-on Rice in Kingfisher county, and that the cause was continued, and notice published as by this section of the statute provided.

The plaintiff insists that this section of the statute is in conflict with the Enabling Act and Constitution and says that this court so held in Friedman v. First National Bank, 39 Okla. 486, 135 Pac. 1069. That was an action by Friedman to recover of the defendant bank as garnishee, certain funds in its hands, plaintiff basing his cause of action on certain proceedings had before a justice of the peace in Cleveland, in Pawnee county, which it was contended created a liability in favor of the plaintiff and against the defendant. It appears that the plaintiff commenced an action before a justice of the peace in Cleveland, against the Porter State Bank of Porter, Wagoner county, and one Goldsborough, a resident of Wagoner county, seeking to recover damages for breach of contract. Garnishment summons was issued and served upon the First National Bank of Cleveland, Pawnee county. Summons was issued for the defendants directed to the sheriff of Pawnee county, and returned "not found"; the garnishee appeared and answered, showing that it had funds in its hands belonging to the defendants; there was no appearance by the defendants and service was attempted to be made upon them by publication. Later, judgment was rendered by default against them for the amount claimed, the garnishee was ordered to pay into court the amount in its hands which it refused to do, and the action was brought against it to recover such amount. The court held that the justice of the peace was without jurisdiction because the action must have been commenced in the county where the defendants or one of them resided or might be summoned; that in civil actions against citizens of this state, jurisdiction is acquired by personal service of summons, or voluntary appearance, and cannot be obtained by publication, and that under the facts in that case, the judgment rendered against the defendants by default was absolutely void.

In that case, as well as the cases of Weller v. Western State Bank, 18 Okla. 478, 90 Pac. 877; First National Bank of Hennessey v. Hesser, 14 Okla. 115, 77 Pac. 36, Welch v. Ladd, 29 Okla. 93, 116 Pac. 573, and Hockaday v. Jones, 8 Okla. 156, 56 Pac. 1054, it was not shown, nor attempted to be shown, by the affidavit in attachment or otherwise, that the defendant had either absconded with the intent to defraud his cred-itors, had left the county of his residence to avoid the service of summons, or so concealed himself that summons could not be served upon him, but it appeared in each of said cases that the defendant was a citizen of the state, was not concealed, and that his place of residence was known to the plaintiff, and the court held in each of said cases that the action must be commenced in the county where the defendant or one of them resided or might be found.

It appears from the record in the instant case that Rice had resided in Kingfisher county until about November 1, 1919; that at about that time he moved to Wynnewood, in Garvin county; that on November 7, 1919, the plaintiff instituted an action before a justice of the peace and filed in said cause an attachment affidavit in which were contained the grounds for attachment above mentioned. An order of attachment was issued and was on November 8, 1919, levied upon the threshing machine belonging to the defendant. The summons issued at the commencement of the action was returned "not found."

By the levy of the order of attachment, the corpus of the property, the rem, was brought within the grasp and jurisdiction of the court; that jurisdiction attached immediately upon the service of the order of attachment, from which time the custody and control of the property passed to the court, but it was still necessary to obtain service of summons upon the defendant in one of the modes prescribed by the statute in order to give the court jurisdiction and enable it to bind him with regard to such property. If the defendant was a resident and not concealed, service could only have been made by personal service upon him, and such service could only be made in Kingfisher county, but if he was a nonresident of the state, or concealed, and beyond the reach of summons, service could be made by publication. Hockaday v. Jones, supra.

It appears from the face of the proceedings in the justice court that the action was properly brought in Kingfisher county, and that the case is one in which service might be obtained by publication. Indeed, so far as these proceedings show, this was the only method by which service could be made.

It is further insisted that service by publication was unauthorized, as there was not sufficient showing therefor, and sections 4722, 4723, and 4724, Rev. Laws 1910, were not complied with, and that by reason of section 5518, Rev. Laws 1910, these sections

are applicable to procedure before justices of the peace.

By the provisions of section 5518, supra, the provisions of the chapter on Civil Procedure which are in their nature applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace.

It will be observed that this section of the statute makes the provisions of the Civil Code applicable to proceedings before justices of the peace only where there is no special provision otherwise made by statute, and article 3, chap. 61, Rev. Laws 1910, makes special provision in regard to attachments before justices of the peace. This statutory provision covers the whole ground for attachment proceedings before justices of the peace, and section 5373, supra, provides when and in what manner service may be obtained by publication; therefore, sections 4722, 4723, and 4724, supra, have no application to attachment cases before justices of the peace (Lyons v. Insley, Shire & Co., 32 Kan. 174; Kerner v. Petigo, 25 Kan, 652), and it was necessary to comply therewith.

The record shows that the provisions of the statute were complied with, hence the judgment of the justice of the peace was not void, but merely voidable, and this being true, such judgment could only be assailed in a direct proceeding, and cannot be attacked collaterally. Of course, if it appeared from the face of the proceeding before the justice of the peace that the defendant resided in a county other than that in which the action was brought, and he was not served with summons in the county where the action was brought, or if such proceeding failed to show that he so concealed himself that summons could not be served upon him, service by publication would be unauthorized and a judgment rendered upon such service would be void.

A careful examination of the entire record convinces us that the plaintiff was not entitled to maintain this action, and that the trial court did not err in dismissing the same; the judgment is therefore affirmed.

JOHNSON, C. J., and COCHRAN and MASON, JJ., concur. LYDICK, J., concurs in conclusion.