**EMPIRE SUPPLY CO. v. McCANN et al.**

No. 17588. Opinion Filed Sept. 13, 1927.

Rehearing Denied Oct. 25, 1927.

(Syllabus.)

**1. Justices of the Peace—Service by Publication—When Authorized.**

Section 917. Comp. St. 1921, providing for service by publication in justice court, applies only to cases where the venue of the action is in the county where such justice court is located, and then only where personal service in the state cannot be had.

**2. Execution—Lack of Personal Service— Invalid Sale Under Writ of Attachment.**

A sale of chattels taken under a writ of attachment, where there has been no personal service of summons on the defendant, and no appearance by him in the suit, and the case is not one allowing service by publication, is void.

**3. Conversion—Definition of Conversion.**

"Conversion" is any distinct act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein.

Error from District Court, Stephens County; M. W. Pugh, Judge.

Action by Frank McCann et al. against the Empire Supply Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

J. G. Clift, for plaintiff in error.

Sullivan & Rice and B. B. Hickman, for defendants in error.

PHELPS, J. The defendants in error, who were plaintiffs below, filed their action in the district court of Stephens county, praying for a judgment against the plaintiff in error, defendant below, for the sum of $1,500 alleged to be due because of conversion on the part of the defendant of a certain steam boiler. Defendant below denied the conversion, but admitted the taking of the boiler, and alleged that it was the owner of said boiler by virtue of purchase under an execution sale issued out of the justice court. In reply, plaintiffs below alleged that the execution sale under which defendant claimed the boiler was void.

The cause was tried to a jury, and at the conclusion of the evidence the court found, as a matter of law, that the judgment and the sale of the boiler thereunder were void, and the only question submitted to the jury was the value of the boiler, which was by said jury found to be $580, and upon such finding the court rendered judgment for said amount, to reverse which this appeal is prosecuted.

The sole question presented by this appeal is whether the trial court committed error in finding, as a matter of law, that the sale of the boiler, under which plaintiff in error claimed title, was void. It appears that C. H. Helman was the president of the Miami Drilling Company and at all times residing in Stephens, Pottawatomie or Tulsa counties, and that Jesse Day was the vice president and managing official in charge of the company's business, and had at all times lived in Stephens county.

Suit was commenced against the Miami Drilling Company and C. H. Helman in a justice of the peace court in Stephens county, and the boiler in question was taken under attachment after counsel for plaintiff in that action had filed his attachment affidavit on behalf of his clients in which he simply set out, practically, in full the eleven

separate and distinct grounds for attachment provided for in section 910, C. O. S. 1921. No attachment bond was given and no personal service was had upon any officer of the corporation which owned the attached property, although the president was at all times a resident of the state and the vice president having charge of the company's property was a resident of Stephens county, where the property was located and where the suit was brought. Neither was any appearance entered by either defendant Helman or any officer of the defendant Miami Drilling Company, but with the record in this condition service by publication was attempted, and it was upon this service that the judgment and sale of the attached property was based.

Defendants in error apparently rely on the rule laid down in Martin v. Federal Motor Co., 89 Okla. 273, 215 Pac. 737, and doubtless the trial court followed said rule when it found the judgment and sale void. The first paragraph of the syllabus of that authority reads as follows:

"Section 917, Comp. St. 1921, providing for service by publication in justice court, applies only to cases where the venue of the action is in the county where such justice court is located, and then only where personal service in the state cannot be had."

There is no contention that personal service could not be had within the state as provided by statute. The only record upon which an inference that service within the state could not be had is in paragraphs 2, 3, and 4 of the attachment affidavit made by counsel for plaintiff in the justice court, wherein, in his blanket affidavit, he alleges:

"That the defendant has absconded with the intention to defraud his creditors.

"That he has left the county of his residence to avoid the service of summons.

"That the defendant so conceals himself that summons cannot be served upon him."

The justice of the peace, however, made no finding that these allegations were true. It, therefore, clearly appears that the acts relied upon to constitute service were equivalent to no service at all.

In Bilby v. Jones, 39 Okla. 613, 136 Pac. 414, in the second and third paragraphs of the syllabus, this court said:

"A sale of chattels taken under a writ of attachment, where there has been no personal service of summons on the defendant, and no appearance by him in the suit, and the case is not one allowing service by publication, is void.

"Corn belonging to plaintiff having been taken and sold under a void judgment and writ of attachment, the purchaser at such sale is liable in conversion for the value of the corn. * * * "

Counsel for plaintiff in error insists that the rule laid down in Rice v. Hockaday, 101 Okla. 192, 224 Pac. 949, is applicable here. With this contention we cannot agree. The facts laid down in Friedman v. First National Bank, 39 Okla. 486, 135 Pac. 1069, are more nearly applicable, the third paragraph of the syllabus being as follows:

"Where a civil action is commenced against two residents of the state in a county other than that of their residence, and a garnishment summons is issued and served upon a resident of the county where the action is commenced, and the defendants are not served with summons and make no appearance, and service by publication is attempted to be made upon them, a judgment rendered by default in such action is absolutely void."

The facts in the instant case are more favorable to defendants in error herein than the facts in that case, for, in the instant case, the managing officer of the corporation, one of the defendants, was at all times a resident of the county where the suit was brought and in, at least, constructive possession of the property at the time it was attached. Under the facts we are forced to the conclusion that the judgment was absolutely void, and, since the judgment was void, it necessarily follows that plaintiff in error was guilty of conversion, and the trial court committed no error in so finding.

The judgment of the district court is, therefore, affirmed, and judgment here rendered on the supersedeas bond, judgment to be prepared by counsel.

BRANSON, C. J., MASON, V. C. J., and LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 35 C. J. p. 577, §156. (2) 6 C. J. p. 472, §1107; 35 C. J. p. 599, §189 (Anno). (3) 38 Cyc. p. 2005; 26 R. C. L. p. 1098; 4 R. C. L. Supp. p. 1697; 5 R. C. L. Supp. p. 1440; 6 R. C. L. Supp. p. 1584.