PRUDENTIAL INS. CO. OF AMERICA v. BOARD OF COUNTY COM'RS OF GARVIN COUNTY et al.

No. 28534.    June 20, 1939.

Rehearing Denied July 11, 1939.

Earl Bohannon, for plaintiff in error.

Sam J. Goodwin, Co. Atty., and W. R. Farmer, Asst. Co. Atty., for defendants in error.

WELCH, V. C. J. The Prudential Insurance Company of America, plaintiff in error, as plaintiff below, on November 19, 1930, commenced an action, numbered 9764, against the board of county commissioners of Garvin county and the county treasurer of that county, defendants in error, as defendants below. The petition alleged that defendants were indebted to plaintiff in an amount equal to that paid out by plaintiff's assignor for the purchase of certain tax sale certificates covering drainage assessments against a tract of land located in Rush Creek drainage district No. 1, in Garvin county; that said assessments were void and unenforceable against the land; that the land was nontaxable Indian land at the time the assessments were made. Judgment was rendered in favor of the plaintiff and against Garvin county on December 30, 1930, and no appeal was prosecuted from said judgment.

On May 7, 1932, the plaintiff commenced cause No. 10422 seeking a writ of mandamus against the county treasurer to require the payment of said judgment of December 30, 1930, from the sinking funds of Garvin county.

The county treasurer filed an answer in said cause No. 10422, alleging that said judgment was void and charging mistake and misunderstanding on the part of the attorneys and the trial judge, and by cross-petition sought the vacation and cancellation of said judgment in cause No. 9764.

On December 8, 1937, after an order had been made to consolidate the two causes, the issues were tried to the court.

The trial court held that the judgment in cause No. 9764 was void upon its face, and rendered judgment vacating said judgment and denied the writ of mandamus sought in No. 10422.

In the interim other pleadings had been filed and orders entered that are not material to the issues presented in this appeal.

The plaintiff presents its appeal on two propositions: (1) That there was no inadvertence, mutual mistake, or misunderstanding in the approval by the attorneys or signing of the journal entry of judgment dated December 30, 1930; and (2) the judgment entered December 30, 1930, is valid and binding.

If the second proposition be determined adversely, the first proposition need not be considered.

The long period of time that elapsed from May, 1932, when the issues were joined in cause No. 10422, until the time when motion for new trial was denied, is explained in the findings of the trial court by the statement that the proceedings were "retired" pending decision of this court in the case of Missouri State Life Ins. Co. v. Board of County Com'rs of Garvin County, 173 Okla. 26, 45 P.2d 1101.

In that case the question presented was whether the general tax statutes were applicable to drainage assessments. It was held that the statute providing for refunds to the purchasers of tax sale certificates issued against nontaxable lands was not applicable to drainage assessments; that there was no provision for the repayment of drainage assessments and that the county could not be held liable for the payment of drainage assessments against such nontaxable lands.

The original judgment in cause No. 9764 was rendered long prior to the decision of this court in the Missouri State Life Ins. Co. Case. It is urged that even if the court made a mistake of law in rendering that judgment against the county for the assessments paid on the nontaxable land in cause No. 9764, such mistake of law affords no ground for the vacation of the judgment in the manner here attempted. The contention is made that the court had jurisdiction of the parties and of the subject matter of the action, including the power to render the particular judgment, and that the attack, not having been made during the term at which the judgment was rendered, should not prevail.

The trial court herein held the judgment in cause No. 9764 to be void, and our attention is directed to the question of whether or not the judgment is void, from an inspection of the judgment roll. If void, the nature and time of the attack is not material. Anderson v. Lynch, 94 Okla. 137, 221 P. 415.

The petition reflects that the assessments against the nontaxable lands were for a private improvement project, the same being "Rush Creek Drainage District Number One."

Section 7 of article 10 of the Constitution, which authorized the Legislature to enact statutes providing for assessments for local improvements, provides that the assessments shall be upon the property benefited. In conformity therewith the statutes, chap. 70, art. 1, O. S. 1931, providing for the creation and operation of drainage districts, provides that assessments shall be made against only the property within the drainage districts and benefited by the project.

Clearly the property of an entire county could not be assessed for the obligations of a local drainage district. As suggested in case of Missouri State Life Ins. Co. v. Board of County Com'rs of Garvin County, supra, "this assessment was not an obligation of the county, but rather the drainage district, and the county officials were agents of the drainage district under the drainage statutes, * * *." The levy of the void assessments, the sale for the void assessments and the receipt of the proceeds of such sale by the county officials was for the use and benefit of the drainage district. The county officials were acting as agents for the drainage district. To hold the county liable for the sale of the invalid assessments is to hold the county liable for an obligation not its own. The money collected upon the sale of the void assessments was collected for the drainage district and whether it has been paid out or not, if there is an obligation to repay, it could not be otherwise than an obligation of the drainage district.

To compel the county to pay an obligation of the drainage district would be in effect causing the county to pay for a local improvement. The county could not be required to levy and collect assessments for local improvements upon property not benefited by the local improvement in violation of section 7, article 10, of the Constitution, and the drainage statutes, which provide no assessments shall be made against any except the property benefited.

The petition does not reflect that the plaintiff was the holder of any obligation of the county. The judgment based thereon was wholly unauthorized under the law. The result of said judgment, if permitted to stand, is to compel the county to do indirectly that which it could not do directly. Any attempt to enforce said judgment would encounter the constitutional and statutory inhibition above set forth. We conclude that the trial court had no power or jurisdiction to render the particular judgment which it did.

In the case of State ex rel. Southern Surety Co. v. Armstrong, County Clerk, et al., 158 Okla 290, 13 P.2d 198, in the third paragraph of the syllabus it is said:

"Power is synonymous with authority of right. Where it is clear that a court has no power under the law to render a particular judgment under any circumstances, the judgment is void, and subject to collateral attack, State ex rel. v. District Court (Wyo.) 238 P. 545."

In the body of the opinion it is said:

"A judgment granting relief which the law declares shall not be granted is void. Sache v. Wallace, 101 Minn. 169, 112 N. W. 386, 11 L. R. A. (N. S.) 803. In that case the Supreme Court of Minnesota said: 'It is laid down in Black on Judgments, 242, as a general principle, that in addition to jurisdiction of the parties and subject matter of the action, it is necessary to the validity of a judgment that the court should have had jurisdiction of the precise question which the judgment assumes to decide, or the particular remedy or relief which it assumes to grant. Support of this doctrine is found in numerous well-considered cases.' "

Clearly the taxable property outside the drainage district could not have a liability fixed against it for an indebtedness arising solely out of the transaction of the drainage district. The petition alleged no liability except such as would grow out of the payment of assessments on nontaxable property in and for "Rush Creek Drainage District No. 1." The petition not only failed to state a cause of action, but disclosed clearly that no cause of action could be stated against the county upon the sale certificates involved. The conclusion that the judgment is void is supported by our former decision in Protest of Carter Oil Company, 148 Okla. 1, 296 P. 485; Excise Board of Carter County v. Chicago, R. I. & P. Ry. Co., 152 Okla. 120, 3 P.2d 1037, and State v. Armstrong, 158 Okla. 290, 13 P.2d 198.

The action of the trial court in vacating the judgment in cause No. 9764 and denying the writ of mandamus in cause No. 10422 is affirmed.

BAYLESS, C. J., and CORN, HURST, and DANNER, JJ., concur. RILEY, GIBSON, and DAVISON, JJ., dissent. OSBORN, J., not participating.