Ted LOWRY, Appellee,

v.

L. G. SEMKE, Appellant,

No. 49809.

Supreme Court of Oklahoma.

Nov. 15, 1977.

Douglas McKeever, McKeever, Glasser, Conrad & Herlihy, Enid, for appellant.

Dennis W. Hladik, Johnston, Franklin & Hladik, Enid, for appellee.

IRWIN, Justice.

This appeal involves a judgment entered on behalf of a debtor, Ted Lowry (appellee) against his judgment creditor, L. D. Semke (appellant) for wrongful execution. The trial court's judgment in favor of appellee was based upon a determination that a prior judgment in favor of appellant, upon which the execution was issued, was void and that execution on a void judgment was void.

The facts surrounding the prior judgment upon which the execution was issued are: Appellant is an automobile dealer and sold a 1966 Buick to appellee. Appellee executed and delivered to appellant a promissory note, disclosure statement and security agreement. The purchase price was less than $1,000. Appellant also took a security interest in appellee's television set as additional security.[1]

Appellee defaulted in his payments and the 1966 Buick and the television set were repossessed by appellant. Appellant subsequently commenced proceedings against appellee to recover the balance due. Appellee was served with summons and the case was set for trial. Appellee failed to appear and a deficiency judgment was entered against appellee in favor of appellant.

Thereafter appellant caused execution to be issued and the sheriff levied on a 1966 Chevrolet owned by appellee and put it in storage. Appellee then filed a motion to vacate the deficiency judgment and to quash the execution on the grounds that such judgment was void as it was in violation of the Uniform Consumer Credit Code (Credit Code) and that the execution issued on the void judgment was also void.

On hearing the trial court found the deficiency judgment was void for lack of subject matter jurisdiction. The deficiency judgment was vacated, the execution quashed, and the 1966 Chevrolet upon which execution had been levied was returned to appellee. Appellant did not appeal in that case and the order became final.

Thereafter, appellee filed the case that forms the grounds for this appeal. Therein appellee sought $206.30 in damages for wrongful conversion in the prior case. The cause came on for hearing and the trial court found that:

"the transaction contained herein was a consumer credit sale under Title 14A O.S. 1971, sec. 2–104. In this particular transaction the undertaking was for less than one thousand dollars and the collateral was repossessed. The creditor then took default judgment for the deficiency and

---

1. We noted that 14A O.S.1971, sec. 2–407, provides that:

  "With respect to a consumer credit sale, a seller may take a security interest in the property sold. * * * Except as provided with respect to cross-collateral * * * a seller may not otherwise take a security interest in property of the buyer to secure the debt arising from a consumer credit sale.

* * * (3) A security interest taken in violation of this section is void." (e. a.)

The applicability of the above statute is not placed in issue. In the prior proceedings appellee challenged only the validity of the deficiency judgment based on the contention it was in conflict with 14A O.S.1971, sec. 5–103, as herein explained, and did not question the validity of the security agreement.

attempted to execute upon debtor's property under this judgment. Such a deficiency judgment is not allowed by Title 14A Oklahoma Statutes 1971, Section 5–103,[2] and the judgment in the prior case, that being SC 75–389, is therefore void. Execution under a void judgment is void. The authority for this is *Bilby v. Jones,* 39 Okl. 613, 136 P. 414, (1913), and *Empire Supply Company v. McCann,* 127 Okl. 195, 260 P. 44 (1927). * * * Wrongful execution amounts to a conversion. This is *Bilby v. Jones,* supra. * * * "

Appellant asserts that the original transaction wherein the appellee gave him a promissory note, disclosure statement and security agreement which formed the basis for the deficiency judgment in the prior action is governed by the Uniform Commercial Code (12A O.S.1971, Article 9 "Secured Transactions") and not by the Credit Code. Appellant also argues that even if the deficiency judgment was voidable, it was not void, and he would not be liable for wrongful execution if the deficiency judgment were only voidable.

The trial court's judgment in favor of appellee is predicated on a determination the transaction between appellant and appellee was governed by the provision of the Consumer Credit Code and such Code deprived the trial court of the necessary subject matter jurisdiction to enter a judgment against appellee, i. e., under the facts presented a deficiency judgment could not be entered under 14A O.S.1971, sec. 5–103 because appellant had repossessed the se-

curity and the cash price of the goods was less than $1,000.00.

The basic issue presented is whether the deficiency judgment rendered in favor of appellant was void or only voidable. Appellee contends it was void because there was no subject matter jurisdiction to render a deficiency judgment. Appellant contends the trial court possessed the subject matter jurisdiction and at most the deficiency judgment may have been voidable.

Without determining whether the Consumer Credit Code or the Commercial Code governed the original transaction between the parties, we will assume, arguendo, that such transaction falls within the purview of the Consumer Credit Code and determine the parties' rights under that code.

In *Sanco Enterprises, Inc. v. Christian,* Okl., 495 P.2d 404 (1972) we construed sec. 5–103 of the Credit Code and said:

" * * * the remedy afforded by a deficiency judgment is denied on all credit transactions * * * where, as here, the seller (or his assignee) voluntarily accepts surrender of secured goods which were subject of the sale and the cash value of the goods is $1000.00 or less."

\* \* \* \* \* \*

* * * The necessary operation and effect of the quoted provision of the Uniform Consumers Credit Code is to put the creditor to a choice if the transaction meets the above mentioned characteristics. He may assume ownership of the

---

2. 14A O.S.1971, § 5–103, provides:

"(1) This section applies to a consumer credit sale of goods or services.

"(2) If the seller repossesses or voluntarily accepts surrender of goods which were the subject of the sale and in which he has a security interest and the cash price of the goods repossessed or surrendered was One Thousand Dollars ($1,000.00) or less, the buyer is not personally liable to the seller for the unpaid balance of the debt arising from the sale of the goods, and the seller is not obligated to resell the collateral.

"(3) If the seller repossesses or voluntarily accepts surrender of goods which were not the subject of the sale but in which he has a security interest to secure a debt arising from a sale of goods or services or a combined sale

of goods and services and the cash price of the sale was One Thousand Dollars ($1,000.00) or less, the buyer is not personally liable to the seller for the unpaid balance of the debt arising from the sale.

\* \* \* \* \* \*

"(6) If the seller elects to bring an action against the buyer for a debt arising from a consumer credit sale of goods or services, when under this section he would not be entitled to a deficiency judgment if he repossessed the collateral, and obtains judgment.

"(a) he may not repossess the collateral; and

"(b) the collateral is not subject to levy or sale on execution or similar proceedings pursuant to the judgment."

goods and forego a deficiency or he may forego ownership and control of the goods and sue for the entire indebtedness.

\*     \*     \*     \*     \*     \*

\* \* \* Under 14A, § 5–103(2) the creditor loses his remedy for a deficiency judgment if he repossesses or accepts surrender of the goods. If the goods have higher value than the deficiency the creditor gains; if the goods have a lower value he loses. \* \* \* "

We first notice that a security interest taken in violation of 14A O.S.1971, sec. 2–407 is void, as expressly stated in subsection (3) of sec. 2–407, but such creditor is not precluded from recovering judgment on the debt owed and levying execution on that judgment. Although 14A O.S.1971, sec. 5–103 does not authorize a seller to obtain a deficiency judgment where the seller has enforced his right of possession under the security agreement and the cash price of the goods is less than $1000.00, there is no provision in sec. 5–103 that is comparable to that in sec. 2–407(3) which would make such deficiency judgment void.

In *Sabin v. Leverson,* 193 Okl. 320, 145 P.2d 402 (1943), we said:

"A judgment of a court of general jurisdiction is not subject to collateral attack unless lack of jurisdiction appears affirmatively on the judgment roll. *Collinsworth v. Hutchison,* 185 Okla. 101, 90 P.2d 416; *McDougal v. Rice,* 79 Okla. 303, 193 P. 415; *Welch v. Focht,* 67 Okla. 275, 171 P. 730, L.R.A.1918D, 1163. Generally the judgment roll may be said to consist of the petition, including the exhibits thereto attached, process, pleadings filed subsequent to the institution of the suit, reports, verdict, orders and judgments, and all material acts and proceedings of the court. *Pettis v. Johnston,* 78 Okla. 277, 190 P. 681; *Excise Board of Carter County v. Chicago, R. I. & P. Ry. Co.,* 152 Okla. 120, 3 P.2d 1037.

A judgment will not be held void on its face unless it affirmatively appears from an inspection of the judgment roll that any one of the three following jurisdictional elements are absent: (1) jurisdiction of the person; (2) jurisdiction of the subject matter; (3) judicial power to render the particular judgment. *Roth v. Union National Bank,* 58 Okla. 604, 160 P. 505; *Pettis v. Johnson,* supra; *Winona Oil Co. v. Barnes,* 83 Okla. 248, 200 P. 981.

The court of course, must have the power to render the particular judgment; otherwise such a judgment is void. *Prudential Insurance Co. of America v. Board of County Commissioners of Garvin County et al.,* 185 Okla. 362, 92 P.2d 359; *State ex rel Southern Surety Co. v. Armstrong,* 158 Okla. 290, 13 P.2d 198."

■ "Subject matter" jurisdiction is the power of the courts and judicial officers to take cognizance of, and to hear and determine the subject matter in controversy and to exercise judicial power over them. *Clark v. Clark,* Okl., 361 P.2d 207 (1961).

In *Vanguard Underwriters Insurance Co. v. Amick, District Judge,* Okl., 512 P.2d 807 (1973), we considered a judgment which may have been erroneous and subject to appeal and it was contended the judgment was void. Therein we said:

"In *LaBellman v. Gleason and Sanders, Inc.,* Okla., 418 P.2d 949 (1966), this Court set forth the standard for declaring a judgment void: The court rendering the judgment must lack either (1) jurisdiction of the parties; (2) jurisdiction of the general subject matter; or (3) jurisdiction of the particular matter which the judgment professes to decide. There is no question in the instant case of jurisdiction over the subject matter or the person. The question is whether the trial judge had the power to determine the validity of the verdict and render a judgment thereon.

The relief sought in the instant case was for actual and punitive damages. The trial court found that the jury did not return a verdict for actual damages against Butler. His finding was not appealed. Whether the trial court was correct in his finding is not before this Court. The important fact is that it was within the power of the trial court to render judgment on the verdict. That the court may have been incorrect in

doing so would make the judgment an erroneous one and subject to appeal, but it does not make the judgment void * * * "

■ In *Prudential Insurance Co. of America v. Board of County Commissioners of Garvin County,* 185 Okl. 362, 92 P.2d 359 (1939) we held that judicial power is synonymous with authority or right. Where a judgment has been rendered and it is clear that the court had no power under the law to render the particular judgment under any circumstances, such judgment is void.

■ The deficiency judgment in the case at bar may not be held void on its face because it does not affirmatively appear from the judgment roll that the trial tribunal lacked jurisdiction of appellee, jurisdiction of the subject matter, or the judicial power to render a deficiency judgment. Since we have assumed, arguendo, that the Consumer Credit Code governs the parties' transaction, and the facts disclose that appellant was not entitled to a deficiency judgment because appellant had repossessed the property and the cash price of the goods was less than $1000.00, rendition of the deficiency judgment constituted reversible error. However, appellee did not challenge the correctness of the deficiency judgment on appeal.

The fact that appellant may not have been entitled to a deficiency judgment does not mean that the trial court did not have jurisdiction of the subject matter, jurisdiction to hear and determine the controversy and jurisdiction to exercise its judicial power. The trial court could have properly rendered a deficiency judgment in the case at bar if the appellant had not repossessed the property or if the cash price of the goods exceeded $1000.00. Therefore, the trial court had judicial power to render a deficiency judgment even though the judgment rendered may have been erroneous.

The court was in error when it rendered such judgment but this does not render the judgment void. The trial court was mistaken in the law when it rendered such judgment. In *Fitzsimmons v. Oklahoma City,* 192 Okl. 248, 135 P.2d 260, we held that a judgment is no less conclusive because it is based upon a mistake of law. The United States Supreme Court in *American Express Company v. Mullins,* 212 U.S. 311, 29 S.Ct. 381, 53 L.Ed. 525, expressed it in this language:

"A judgment is conclusive as to all the media concludendi (citations); and it needs no authority to show that it cannot be impeached either in or out of the state by showing that it was based upon a mistake of law."

We have statutory procedure for reversing and setting aside judgments rendered on a trial court's misapplication of law. This was not followed and when appellant caused the execution to be issued, the deficiency judgment was final and conclusive between the parties.

Judgment reversed.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, BERRY and SIMMS, JJ., concur.

HODGES, C. J., and BARNES and DOOLIN, JJ., dissent.