## MARTIN v. FEDERAL MOTOR CO.

No. 11151—Opinion Filed May 15, 1923.

(Syllabus.)

1. **Justices of the Peace—Process—Service by Publication.**

Section 917, Comp. Stat. 1921, providing for service by publication in justice court applies only to cases where the venue of the action is in the county where such justice court is located, and then only where personal service in the state cannot be had.

2. **Same — Personal Service on Domestic Corporation.**

Section 202, Comp. Stat. 1921, provides that an action may be brought against a domestic corporation in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose. Under the provisions of this statute, where an action is brought in the justice court against a corporation in the county where the cause of action or some part thereof arose, personal service of summons can be obtained by serving the summons in the county of the domicile of the corporation.

3. **Same—Service by Publication — Corporation wi'h Office in Another County.**

Section 917, Comp. Stat. 1921, does not authorize service by publication where defendant is a domestic corporation maintaining an office in another county in the state, where personal service could have been obtained on such defendant in the other county, although property of the defendant had been attached and summons returned with a notation that summons could not be served on the defendant in the county.

Error from County Court, Kay County; H. S. Burke, Judge.

Replevin by the Federal Motor Company against J. T. Martin. Judgment for plaintiff, and defendant brings error. Affirmed.

James Q. Louthan, for plaintiff in error.

L. A. Maris, for defendant in error.

COCHRAN, J. This action was brought by the defendant in error to recover from the plaintiff in error an automobile which the plaintiff in error, as a constable of Kay county, Okla., had in his possession under certain proceedings had in the justice court of Ponca City district of Kay County.

On August 16, 1917, C. D. Duncan commenced a civil action against the Federal Motor Company in the justice court of Ponca City district; summons was issued and delivered to J. T. Martin, constable, together with order of attachment. The order of attachment was levied upon the automobile involved in this suit. The constable returned the summons to the justice court not served; the Federal Motor Company could not be found or served in Kay county. Thereupon the justice of the peace made an order continuing the case for 30 days and caused summons by publication to be made, and thereafter, on September 15th, entered judgment in the case sustaining the attachment and ordering the automobile to be sold to satisfy the indebtedness due by the Federal Motor Company to the said C. D. Duncan.

The trial court found that the Federal Motor Company was a corporation organized and existing under the laws of the state of Oklahoma and maintaining its office in the city of Tulsa, Tulsa county, Okla., in which county its president and other officers have continuously transacted business for and on its behalf. The court concluded as a matter of law that the judgment of the justice was void because there was no valid service upon the Federal Motor Company and that service by publication cannot be obtained on an Oklahoma corporation which maintains an office and whose officers openly transact business therein within the state of Oklahoma, so that they could be served with summons personally in said office. From the judgment rendered in favor of the plaintiff, defendant has appealed.

The sole question to be determined is the construction of section 917, Comp. Stat. 1921, which is as follows:

"If the order of attachment is made to accompany the summons, a copy thereof and the summons shall be served upon the defendant in the usual manner for the service of summons, if the same can be done within the county; and when any property of the defendant has been taken under the order of attachment, and it shall appear that the summons issued in the action has not been and cannot be served on the defendant in the county, in the manner prescribed by law, the justice of the peace shall continue the cause for a period not less than 30 nor more than 50 days; whereupon the plaintiff shall proceed, for three consecutive weeks, to publish, in some newspaper printed in the county, or, if none be printed therein, then in some newspaper of general circulation in said county, a notice, stating the names of the parties, the time when, by what justice of the peace, and for what sum said order was issued, and the time when the cause will be heard, and shall make proof of such publication to the justice; and thereupon said action shall be proceeded with the same as if said summons had been duly served."

There is no provision of the statute covering justice procedure which prescribes the venue of civil actions in justice courts, and in the absence thereof section 1062, Comp. Stat. 1921, applies, which is as follows:

"The provisions of the chapter on Civil Procedure which are, in their nature, applicable to the jurisdiction and proceedings before justices, and in respect to which no special provision is made by statute, are applicable to proceedings before justices of the peace."

The applicable provisions of the chapter on Civil Procedure, therefore, are the following:

Section 207, Comp. Stat. 1921: "Every other action must be brought in the county in which the defendant or some one of the defendants resided or may be summoned." etc.

Section 205, Comp. Stat. 1921: "In addition to the other counties in which an action may be brought against a nonresident of this state, or a foreign corporation, such action may be brought in any county in which there may be property of, or debts owing to, such defendant, or where such defendant may be found; if such defendant be a foreign insurance company, the action may be brought in any county where such cause of action, or any part thereof, arose, or where the plaintiff resides, or where such company has an agent."

Section 202, Comp. Stat. 1921: "An action, other than one of those mentioned in first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office or place of business, or in which any of the principal officers thereof may reside, or be summoned, or in the county where the cause of action or some part thereof arose."

The above quoted provisions of the statute determine the venue of actions for money judgment, and such actions can be brought in no other jurisdiction. The statute providing for service by publication in a justice court applies only to cases which have been properly brought in that jurisdiction and where personal service in the state cannot be had. Conceding that the action in the justice court was one involving a cause of action which arose either in whole or in part in Kay county, and that the justice court of Kay county had jurisdiction in the case, personal service of summons could have been made on the defendant in the county of the corporation's domicile under the provisions of section 234, Comp. Stat. 1921, Western Paving Co. v. Binion, 50 Okla. 273, 150 Pac. 898.

Section 917, supra, does not authorize service by publication where defendant is a domestic corporation maintaining an office in another county in the state and where personal service can be obtained on such defendant. To construe this statute so as to permit service by publication in such cases would be to render this statute unconstitutional, as the same would have the effect of depriving the defendant of its property without due process of law. In Bear Lake County v. Budge (Idaho) 75 Pac. 614, the second paragraph of the syllabus is as follows:

"The remedy by due course of law guaranteed by both the federal and state Constitutions requires, before there is a judicial determination affecting the right to life, liberty, or property, that process to obtain jurisdiction must be issued and personally served when practicable; constructive service can only be made effective when actual service is impracticable."

In construing section 940, Comp. Stat. 1921, which is very similar in its provisions to the statute under consideration, this court in case of Friedman v. First Nat. Bank of Cleveland, 39 Okla. 486, 135 Pac. 486, said:

"Where a civil action is commenced against two residents of the state in a county other than that of their residence, and a garnishment summons is issued and served upon a resident of the county where the action is commenced, and the defendants are not served with summons and make no appearance, and service by publication is attempted to be made upon them, a judgment rendered by default in such action is absolutely void."

While the statute construed in the last cited case provided for service by publication in garnishment case, yet it is in all essential particulars the same as the statute under consideration in this case and is controlling.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.