CONSOLIDATED FLOUR MILLS CO. v. SAYRE WHOLESALE GROCER CO.

No. 24668.    April 7, 1936.

T. R. Wise, H. W. Hart, Glenn Porter, and Enos E. Hook, for plaintiff in error.

Stuart, Bell & Ledbetter and Minton & Minton, for defendant in error.

WELCH, J. The relative position of the parties here is reverse to the position occupied in the trial court. They will be referred to as plaintiff and defendant, as they appeared in the lower court.

Plaintiff's action was for the recovery of damages upon an alleged breach of warranty of quality of flour purchased by plaintiff. The plaintiff is a domestic corporation with its principal place of business at Sayre in Beckham county. The defendant is a foreign corporation with its principal place of business in the state of Kansas.

When the original petition was filed an attachment issued directed to the sheriff of Beckham county, which was returned unserved. Thereafter plaintiff filed an amended petition and procured the issuance of an alias order of attachment directed to the sheriff of Kay county, Okla. Certain property belonging to the defendant, to wit, one truck and merchandise therein contained, of a total value of $546.50, was attached in Kay county. Thereafter service of summons was had upon the defendant in the state of Kansas, as provided by section 188, O. S. 1931. This constituted what is generally termed substituted service, and no personal service was had upon the defendant within this state. It appears that the defendant had not appointed a service agent in this state, as required by, section 43, art. 9, of the Constitution. A redelivery or forthcoming bond was furnished and approved. The defendant appeared specially for the purpose of challenging the jurisdiction of the court. Upon overruling the defendant's motion to quash directed at the court's jurisdiction, the defendant participated no further, and upon trial the court rendered judgment in favor of plaintiff for $3,000. The defendant has appealed.

The defendant here presents the alleged errors of the trial court in the following three propositions:

"(1) The court acquired no jurisdiction by the pretended attachment of property in Kay county, for the reason that no property of the plaintiff in error was found or attached in Beckham county and no personal service had upon the plaintiff in error in Beckham county.

"(2) That the court acquired no jurisdiction of the plaintiff in error by the pretended service of summons upon the plaintiff in error in Sedgwick county, Kan., as no property was found or attached in the county in in which the suit was instituted, to wit, Beckham county.

"(3) That the judgment of $3,000 so rendered by the court was void because the court had no jurisdiction over this plaintiff in error."

The question presented by the first and second propositions is one of venue. In this connection the defendant first calls attention to the general rule in attachment, which it quotes from 6 C. J. page 96, section 136, as follows:

"A writ cannot be sued out to attach property in a foreign county, unless there is an attachment of property within the county where the suit is brought, or personal service on defendant within the county to give the court jurisdiction."

Proceeding then with the quoted general rule, the assertion is made that no decision has been found authorizing the court to render judgment wherein no personal service was obtained upon the defendant in that county, or any property attached in that county. Our attention is called to Bell Oil & Gas Co. v. Freedom Oil Works Co., 299 Fed. 818, which is an Oklahoma case, and which defendant asserts involved a question similar to the one here presented. We quote the second paragraph of the syllabus of that case as follows:

"Under Comp. St. Oklahoma, 1921, sec. 205, providing that an action may be brought against a foreign corporation, 'in any county in which there may be property of, or debts owing to, such defendant, or where such defendant may be found,' the attachment of property of a foreign corporation on a writ issued to a county other than the one in which the action is brought does not give the court jurisdiction."

On that point the plaintiff asserts that the district court of Beckham county has jurisdiction, and that the venue for an action of this character against a foreign corporation is properly laid in Beckham county under the provisions of section 43, art. 9, of the Constitution of Oklahoma, providing as follows:

"No corporation, foreign or domestic, shall be permitted to do business in this state without first filing in the office of the Corporation Commission a list of its stockholders, officers, and directors, with the residence and post-office address of, and the amount of stock held by each. And every foreign corporation shall, before being licensed to do business in the state designate an agent

residing in the state; and service of summons or legal notice may be had on such designated agent, and such other agents as now are or may hereafter be provided for by law. Suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of plaintiff, or in the county where the cause of action may arise."

The plaintiff does not rely upon section 205, C. O. S. 1921, (sec. 115, O. S. 1931), for authority of the district court of Beckham county to proceed as to venue, nor does it claim that venue is laid in Beckham county by virtue of any other statutory provision or by virtue of the common law.

In the early case of Atchison, T. & S. F. Ry. Co. v. Lambert, 32 Okla. 665, 123 P. 428, this court in the first paragraph of the syllabus held with reference to the above-quoted constitutional provision as follows:

"Section 43 of article 9 of the Constitution, which provides, amongst other things, that suit may be maintained against a foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of the plaintiff, or in the county where the cause of action arose, is self-executing."

The second paragraph of the syllabus in the Lambert Case is of interest here; it provides:

"Under section 43 of article 9 of the Constitution, suit may be brought against a foreign corporation operating a line of railway in this state, in the county where the plaintiff resides. although the cause of action did not arise there, and although the defendant has no service agent in that county, and when there is no part of its line of railway therein."

As well as the fourth paragraph of the syllabus in that case, as follows:

"Section 5584, Comp. Laws 1909 (Sess. Laws 1907-1908, p. 592, sec. 5), providing the venue of actions against transportation or transmission companies, and which does not permit such actions to be brought in the county of the residence of the plaintiff, cannot have the effect of restricting or limiting the right of the plaintiff to sue such a company, when a foreign corporation, in the county of his residence pursuant to the provisions of section 43 of article 9 of the Constitution."

It is to be observed from the pronouncements of law in the Lambert Case supra, that the constitutional provision providing that a foreign corporation may be sued in this state in the county of the plaintiff's residence is self-executing, and it is to be observed therefrom, and cases therein cited,

infra, that the Legislature has no power to limit this right. It is elementary that the constitutional provision with reference to venue of actions takes precedence over any common-law right. An apt statement of the law in point is found in 67 C. J. page 21, paragraph 25, to the following effect:

"The venue of civil actions and proceedings is ordinarily a matter regulated by constitutional and statutory provisions in the various states, and such provisions, where they exist, control any general rules as to the rights of parties seeking the aid of courts to select the forum and supersede common-law rules."

The laying of venue generally is largely a matter of procedure and of convenience merely. 67 C. J. p. 21, par. 24.

We have no doubt that under the provisions of our Constitution, which we have quoted, and the authority of the Lambert Case, supra, the venue of plaintiff's action against the defendant for damages was properly laid in Beckham county, the same being the county of the residence or principal place of business of the plaintiff corporation.

In the case of Clements v. Utley, 91 Minn. 352 the court held in the first paragraph of the syllabus thereof as follows:

"An action against a nonresident for the recovery of money may be brought in any county in the state, and a writ of attachment may therein issue, directed to the sheriff of any other county for service."

It is true that there was a resident defendant joined with the nonresident defendant in that case, but that condition was not a controlling factor in the determination of the question before the court. It would seem that the court therein merely followed a general statutory law fixing the venue of the cause, and announced the rule that such venue is not dependent upon the situs of the property taken by the auxiliary proceedings of an attachment, just as we have concluded here. See, also, Baisley v. Baisley (Mo.) 21 S. W. 29.

The defendant does not deny the correctness of this conclusion if this were one of the cases where personal judgment against the defendant could be had, and where the person of the defendant could be found within the jurisdiction of the court, that is to say, could be personally served with summons within any county of the state. It urges, however, that the constitutional provision referred to applies only where such personal service may be had within the state. It contends that this is not an action in personam, but is, rather, an action in rem, and that in all actions in rem the venue is

laid in the county wherein the property is situated, citing Mitchell v. White, 106 Okla. 218, 233 P. 746, wherein the court said:

"A suit for the possession of personal property is an action in rem. The district court of the county in which the property is situated has both jurisdiction and venue of the action without regard to the residence of the defendant or owner."

The question is of first instance in this court, and the parties have cited no cases from any other jurisdiction where the exact question was involved. We confess that after considerable search we have found no reported decision covering the exact point in issue, and this is true, we assume, by reason of the fact that most of the judicial expressions on the point are either based upon the common law as relates to venue, or constitutional or statutory provisions unlike our own. It is equally true that no judicial decision has been cited by the parties nor sound reasoning advanced why the district court of Beckham county could not proceed as it did in view of the express provision of our Constitution.

An examination of the Freedom Oil Works Company Case, supra, decided by the eminent Judge Williams of the U. S. Court for the Eastern District of Oklahoma, discloses that no contention or suggestion was there made that the plaintiff was a resident of the county where the suit was brought, and it is evident therefrom that the constitutional provision here invoked was not therein involved, and it is clear that the court in that case was considering only the question of whether or not section 205, C. O. S. 1921, authorized the suit in Tulsa county. We find no fault in the conclusion of the court therein.

Our attention is called to Martin v. Federal Motor Co., 89 Okla. 273, 215 P. 737, wherein the court in referring to the provisions of section 205, C. O. S. 1921, said:

"The above-quoted provisions of the statute determine the venue of actions for money judgments, and such actions can be brought in no other jurisdiction."

We call attention to the fact that in the Martin Case, supra the court was not dealing with a nonresident of the state, or a foreign corporation, but was dealing with a domestic corporation defendant, and the expression of the court therein was clearly not intended to apply to that portion of section 205, C. O. S. 1921 relating to nonresidents of the state or foreign corporations, and, indeed, the expression could not have been meant to apply in such a case, in view

of the provisions of our Constitution referred to, and in view of the Lambert Case, supra, and obviously in view of the first words of the paragraph of the section relating to foreign corporations, to wit: "In addition to other counties. * * *" See, also, Prairie Oil Gas Co. v. District Court of Grady County, 71 Okla. 32, 174 P. 1056, and Tibbett & Pleasant et al. v. Oklahoma State Bank of Frederick, 119 Okla. 109, 249 P. 149.

We do not consider the White Case, supra, authority for defendant's position for the reason that it is our conclusion here that this is not strictly an action in rem.

The White Case appears to have been strictly an action in rem, as it was an action solely for the possession of personal property. Nor does it specifically exclude other courts of jurisdiction by reason of lack of venue, nor is the above provision of the Constitution involved.

We have noted that this is an action for damages. It cannot be doubted that the venue of an action for damages against a foreign corporation is, by section 43, art. 9, of our Constitution, laid in the county of the residence of the plaintiff (or other counties as may be seen from the provisions of the Constitution), and such provision of the Constitution being self-executing, such suit was properly brought in Beckham county, and if it is material, the action itself is not an action in rem, but one in personam.

Upon bringing the action, the court being one of general jurisdiction, we are of the opinion that attachment might issue from a court of proper venue and jurisdiction of the subject-matter to any county within the territorial jurisdiction of the court. Section 604, O. S. 1931; 6 C. J. 90, par. 125, and 67 C. J. p. 21, par. 24, and cases cited under note 71. It is true that the court cannot obtain jurisdiction of the person of the defendant unless personal service may be had within the state. Pennoyer v. Neff, 95 U. S. 714; Dewey v. City of Des Moines, 43 L. Ed. 665.

It is equally true that property within the state is within the jurisdiction of the court, and a court of general jurisdiction may proceed against the same by attachment or other kindred process and substituted service of summons. Dewey v. City of Des Moines, supra; Pennington v. Fourth Nat. Bank. 61 L. Ed. 713, and Pennoyer v. Neff, supra. Attachment is always auxiliary to the main action and is dependent thereon. Dunham v. Holloway, 2 Okla. 78, 35 P. 949; 6 C. J. p. 31, par. 4.

The auxiliary action taken by writ of at-

tachment, however, does not control the venue as fixed by the action upon which it is dependent. 67 C. J. p. 82, par. 130, and cited cases.

An interesting and enlightening discussion of actions in rem, or rather judgments in rem, may be found in vol. 4 Words and Phrases (First Series) p. 3481, as follows:

"A judgment in rem is generally said to be a judgment declaratory of the status of some subject-matter, whether this be a person, or a thing. Thus the probate of a will fixes the status of the document as a will; so a decree establishing or dissolving a marriage is a judgment in rem, because it fixes the status of the person. A judgment or forfeiture against specified articles of goods for violation of the revenue laws is a judgment in rem. In such case the judgment is conclusive against all the world, and, if the expression 'strictly in rem' may be applied to any class of cases, it should be confined to such as these. Chief Justice Marshall says: 'I have always understood that where a process is to be served on the thing itself, and where the mere possession of the thing itself, by the service of a process and making proclamation, authorizes the court to decide upon it without notice to any individual whatever, it is a proceeding in rem, to which all the world are parties. * * * The claimant is a party, whether he speaks or is silent, whether he asserts his claim or abandons it.' But usage has distinguished as proceedings in rem a class of cases in which, while the seizure of the thing will be in aid of jurisdiction, yet it is essential that some form of notice be given to the particular person or persons. The proceeding thus assumes a phase of actions in personam, and a judgment will not be binding upon any one who was not before the court. In this class are attachment suits and all actions brought for the recovery of title to land. And, so far as a widow's suit for dower is in the nature of a proceeding in rem, it falls unquestionably in the latter class of cases. Bartero v. Real Estate Sav. Bank, 10 Mo. App. 76, 78."

And so it is our conclusion here that the present action is not strictly an action in rem, although the auxiliary proceeding by attachment does partake of the nature of such an action (6 C. J. page 33, paragraph 7), and may properly be termed a proceeding quasi in rem. Pennington v. Fourth Nat. Bank, supra.

It is true that here the attachment is in aid of jurisdiction of the property of the defendant; it is, however, in a cause the subject-matter of which is not to determine the status of a person or thing, and does not relate to the property in specie, and plaintiff's cause of action is dependent upon proof of damages wholly foreign and apart from any consideration of the property attached, and the whole action and proceeding assumed a phase of an action in personam. It is not the attached property here against which the suit is brought, but the cause of action is directed against the Consolidated Flour Mills Company of Kansas, which must be served with summons or substituted service, and the attached property, being within the territorial jurisdiction of the district courts of the state, is, so far as that property is concerned, substituted for such defendant for the purpose of service, and this substitution for such purpose does not change the original inherent character of the suit. The finding of defendant's property within this state is equivalent to finding the defendant personally within the state, in so far as subjecting such property to plaintiff's claim is concerned.

In Nelson v. Deming Investment Co., 21 Okla. 610, 96 P. 742, in construing a provision of the Organic Act of Oklahoma Territory fixing the venue of actions in the county of defendant's residence, it is said:

"It is insisted that under the organic act of the territory (Oklahoma) the court could not acquire jurisdiction of the person of the defendant by constructive service by foreign attachment without his consent. The section of the organic act referred to requires that all civil actions shall be brought in a county where the defendant resides, or can be bound. In a proceeding by attachment of property, which is in the nature of an action in rem, it is elementary that the defendant is found, to the extent of the property levied upon, where the property is attached. It would be an extremely strained construction to the language of this act to hold that Congress intended to prohibit a remedy universally pursued, that of proceeding against the property of nonresidents in the place of the territory where the property of such nonresidents is found."

See, also, Central Loan & Trust Co. v. Campbell Commission Co., 43 L. Ed. (U. S.) 623.

The district court of Beckham county had the same jurisdiction to subject the property of the defendant within the state to its power and authority as it would have had to subject the person of the defendant to its power and authority by personal service upon it in some other county within the state, and that last power has been definitely determined and is admitted here. See Tibbett & Pleasant v. Oklahoma State Bank of Frederick, supra, wherein it is held in the first and second paragraphs of the syllabus as follows:

"Under section 43 of article 9 of the Constitution, suit may be maintained against a

foreign corporation in the county where an agent of such corporation may be found, or in the county of the residence of the plaintiff, or in the county where the cause of action arose.

"Where an action is rightfully brought in a county, summons may be issued to any other county against the defendants, or any of them."

See, also, LaFayette v. Bass, 122 Okla. 182, 252 P. 1101.

What we have said we think sufficiently disposes of the defendant's propositions 1 and 2. As to proposition 3, it is our conclusion that the judgment rendered is ineffective as against the defendant, except in so far as it may relate to subjecting the attached property toward the payment of plaintiff's claim. Pennoyer v. Neff, supra, and Dewey v. City of Des Moines, supra.

The judgment of the district court is therefore affirmed in so far as it relates to the attached property.

McNEILL, C. J., OSBORN, V. C. J., and RILEY and BUSBY, JJ., concur.