Opal SIMPSON, Administratrix of the Estate of Charles Simpson, Deceased, and Gulf Oil Company, Petitioners,

v.

The Honorable Charles WOODSON, District Judge of Creek County, State of Oklahoma, and Carolyn Sue Martin, a minor, by and through her mother and next friend, Mrs. Don Martin, Respondents.

No. 46302.

Supreme Court of Oklahoma.

April 3, 1973.

Jones, Givens, Brett, Gotcher & Doyle, Tulsa, for petitioners.

Hunt & Thomas, Oklahoma City, for respondents.

DOOLIN, Justice.

This is the second special appearance and application made by these parties. In case No. 45,900, styled Gulf Oil Company, et al. v. Honorable Charles Woodson, District Judge, et al., Okl., 505 P.2d 484, the Court adopted the doctrine of forum non conveniens to intrastate actions subject to certain qualifications as set out therein.

As a result of the opinion in Gulf Oil v. Woodson, supra, hereinafter referred to as *Gulf Oil*, Petitioners immediately filed in the District Court of Creek County a motion praying that the Honorable Charles Woodson, District Judge, transfer the original cause of action, (C–71–90), to the District Court of Kay County, Oklahoma, or, in the alternative, to the District Court of Noble County, Oklahoma. The matter was set for hearing on January 16, 1973.

At the hearing, Petitioners introduced and relied upon: (a) affidavits taken subsequent to the *Gulf Oil* decision, (b) interrogatories, and, (c) depositions taken prior to the decision in *Gulf Oil*. Respondents offered no affidavits or counter affidavits, but relied upon the pleadings and orders filed in the trial court and the records and decisions in *Gulf Oil* rendered in this court.

After hearing argument of counsel and upon consideration of the evidence, the trial court denied Petitioners' application, stating:

"(a) The Supreme Court in *Gulf Oil* assumed jurisdiction in the original application for the Writs of Prohibition and Mandamus and denied same and did not see fit to transfer or prohibit further action in Creek County.

(b) The trial court is convinced 'no other county would be a more convenient forum.' "

What we believe the trial court has said as a result of the hearing of January

16, 1973, is that *Gulf Oil* is res judicata and dispositive of Petitioners' right to now seek a transfer to Kay or Noble County for the simple reason that the writs were denied. We further note that the trial court was convinced that there is no other county that would present itself as a more convenient forum. With these conclusions we do not agree; *Gulf Oil* was not res judicata of the rights of Petitioners.

In *Gulf Oil* our opinion concerned itself solely with the question of forum non conveniens; nothing else was ordered or prohibited. Having decided upon the application of the doctrine of forum non conveniens as qualified, no writs were issued, but this court did suggest procedures to be followed by the District Courts of Creek County and all the other 76 counties within the State of Oklahoma. These suggestions or guidelines as made by Justice Jackson in *Gulf Oil* have been faithfully followed by Petitioners.

We note that the Respondents offered no evidence, affidavits or interrogatories, but now come and suggest to us that W. F. Braine, et al. v. City of Stroud, 385 P.2d 428 (Okl.) 1963, has placed the bar of res judicata upon the Petitioners in this case. *City of Stroud* bars recovery of damages in a *separate and subsequent* action filed *after mandamus was granted* and when damages were within the purview of the original action. *City of Stroud* is not applicable for obvious reasons.

■ We have reviewed the evidence and believe either Kay or Noble County would be a more convenient forum. The Plaintiff and her mother are residents of Noble County, Oklahoma, and the Defendant Simpson and his personal representatives are residents of Kay County, Oklahoma. This court has held that the Defendant has a valuable right to be sued in his home jurisdiction, First National Bank v. Henshaw, 169 Okl. 49, 35 P.2d 898. This cause of action arose in Noble County; and, if it would be helpful, the scene of the accident could be more conveniently viewed by a jury impanelled in either Kay or Noble County. All of the parties and all but one of the lay-witnesses and the principal medical witnesses are from Kay, Noble or Garfield Counties, and might more conveniently and at less expense, attend or be compelled to be present in Kay or Noble County. In this connection, we take judicial knowledge that geographically Kay, Noble and Garfield Counties are contiguous.

The Plaintiff's offer to agree to some medical testimony by deposition is noted; but such testimony may not be as acceptable to either party as an actual appearance by the particular witness in court; the majority of the medical witnesses likewise are amenable to process in either Kay or Noble County. None of the witnesses to the accident reside in Creek County and they may find attendance at a trial there inconvenient. The accident did not occur in Creek County. The action is of no legal importance to the residents of Creek County, and we find it an unnecessary burden upon the judicial system of Creek County.

■ When we adopted the doctrine of forum non conveniens we did not mean to say that a transfer could be made or granted to some county where none of the statutory requirements of venue exist. We hold that such requirements must be present in some other or more convenient forum before transfer may even be considered, and that thereafter the court must weigh and consider all evidence affecting such a transfer within the outlines set forth herein and in *Gulf Oil*.

■ We further find that the District Court of Creek County has abused the broad equitable powers mentioned in *Gulf Oil* in considering the application of Petitioners and specifically find there are sound reasons for ordering the change of venue and prohibiting further acts by the District Court of Creek County, except as hereinafter ordered.

We therefore order the District Court of Creek County to transfer and change the venue in cause No. C–71–90 to the District Court of either Kay or Noble County; and, the Respondent Judge is therefore

prohibited from proceeding further in cause No. C–71–90 except as hereinbefore ordered.

Writs granted.

All Justices concur.