**ST. LOUIS–SAN FRANCISCO RAILWAY CO., Petitioner,**

v.

**DISTRICT COURT OF CREEK COUNTY and Hon. Charles S. Woodson, District Judge, Respondent.**

**No. 46399.**

Supreme Court of Oklahoma.

June 12, 1973.

Streeter Speakman, Jr., Sapulpa, Loeffler & Allen, Tulsa, Franklin, Harmon & Satterfield, Inc. by Ben Franklin, Oklahoma City, for petitioner.

Jack B. Sellers, Sapulpa, for respondent.

HODGES, Justice.

This action is for a writ of mandamus, or an otherwise proper remedial order, to require respondent district judge to transfer a consolidated wrongful death and survivorship action to Garfield County. The application of the doctrine of forum non conveniens in an intrastate transitory action is involved.

The co-administrators of the estate of decedent originally filed two actions arising from a railroad crossing accident which occurred on April 23, 1970, in Enid, Oklahoma. These actions, one a survivorship action for conscious pain and suffering, medical expenses, and property damages of deceased; and one for wrongful death for the benefit of the surviving widow and minor children, were subsequently consolidated.

The decedent, and all lay and medical witnesses (who attended decedent) resided in Garfield County at the time of the accident. The surviving widow and children of decedent reside in Louisiana. The only connection the law suit has with Creek County is that the brother of decedent, co-administrator of his estate resides there, and elected to file the action in Creek County.

■ We have reviewed the evidence presented at the proceeding before the district judge on petitioner's motion to transfer the action. We find that Garfield County would be a more convenient forum.

We believe the recent case of Gulf Oil Company v. Woodson, 505 P.2d 484 (Okl. 1972) is controlling. At page 488 of that opinion we stated:

"Venue questions in transitory tort actions are recurring in Oklahoma and continue to present troublesome and vexing questions. Too much time has been required in the resolution of these questions which should have been available for the disposition of cases on their merits. More important is the fact that where a case is tried in a county selected by plaintiff, other than the residence of the defendant or [the] place of the accident, the defendants may be deprived of compulsory process for the attendance of unwilling witnesses and subjected to additional costs for obtaining willing witnesses. This is especially true where medical witnesses are required. It is helpful to jurors in evaluating testimony if they can see the witnesses and observe their demeanor on the witness stand. In some cases a view of the premises is desirable. The instant case and many others * * * clearly demonstrate the imperative necessity for this court to immediately determine whether the rule of 'forum non conveniens' may be applied to intrastate transitory tort actions."

Although the avove cited opinion concerned itself with the question of venue, the doctrine of forum non conveniens was adopted and although it was not applied in that case, guidelines were established for its application.

The doctrine was applied in the later case of Simpson v. Woodson, 508 P.2d 1069, 1071 (Okl.1973) where it was stated by the court:

" * * * None of the witnesses to the accident reside in Creek County and they may find attendance at a trial there inconvenient. The accident did not occur in Creek County. The action is of no legal importance to the residents of Creek County, and we find it an unnecessary burden upon the judicial system of Creek County."

**172**

This is precisely our factual situation position in the present case. All of the witnesses reside in Garfield County where the accident occurred. The case or the trial thereof has no legal significance to the residents of Creek County. While a plaintiff has a certain measure of discretion in selecting his forum where proper venue lies, he cannot arbitrarily ignore the doctrine of forum non conveniens.

We therefore, order the District Court of Creek County to transfer and change the venue to the District Court of Garfield County. The respondent judge is hereby prohibited from proceeding further except as ordered herein.

All Justices concur.

Jurisdiction assumed.

Writ of Mandamus granted.