**SAFEWAY STORES, INCORPORATED, and Richard Herridge, Petitioners,**

v.

**The Honorable Floyd L. MARTIN, Judge of the District Court of Oklahoma County, State of Oklahoma, Respondent.**

**No. 47811.**

Supreme Court of Oklahoma.

Nov. 26, 1974.

Monnet, Hayes, Bullis, Thompson & Edwards, by John M. Rowntree, Jr., Oklahoma City, for petitioners.

Berry & Berry, by Robert D. Baron, Oklahoma City, for respondent.

HODGES, Justice.

This is an application to assume original jurisdiction and for writs of prohibition and mandamus against the respondent district judge to prevent further proceedings.

The petitioners, Safeway Stores Incorporated (Safeway) and Richard Herridge (Herridge) were named as defendants in an action which was filed by Elsie and Orvel Brown (Browns) in the District Court of Oklahoma County, Oklahoma. This action arose as the result of injuries sustained by Elsie Brown when she purportedly slipped and fell as the result of water which had allegedly accumulated by reason of the defendants' negligence, in a Safeway store in Alva, Oklahoma, managed by Herridge.

Safeway and Herridge filed a Motion for Change of Venue with the District Court of Oklahoma County predicated upon the doctrine of intrastate forum non conveniens. The motion was overruled,

and an original proceeding was filed in this court.

■ Technically, the venue of the action is correct under the provisions of 12 O.S. 1971 § 137, because Safeway owns property and maintains a service agent in Oklahoma County. The doctrine of forum non conveniens, however, permits a court to resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general statute. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 67 S.Ct. 839, 91 L. Ed. 1055, 1056 (1947).

The accident occurred in Woods County. Plaintiffs are residents of Woods County, all witnesses to the accident and store employees are, or have been, residents of Woods County or nearby counties. The non-corporate defendant, Herridge, is a resident of Woods County. With the exception of attorneys representing the parties, and possibly medical witnesses, who may be consulted in Oklahoma City, all persons directly connected with the action are residents of Woods County.

■ The distances which witnesses would be required to travel is a relevant consideration in a motion for change of venue. Baker v. Hilton, 64 Wash.2d 964, 395 P.2d 486 (1964).

Safeway and Herridge allege that because of the gross inconvenience in trying the case 171 miles from the scene of the accident and the residences of the lay witnesses and non-corporate defendant, the doctrine of intrastate forum non conveniens is applicable. We agree.

Respondents urge that this court consider a balancing of equities. They assert that counsel was chosen in Oklahoma County, and medical testimony is more readily available in Oklahoma County, it therefore would be less expensive for them to try their case in Oklahoma County. They also allege that there is a possibility of finding a more impartial jury in Oklahoma County, and that Oklahoma County has more frequent jury dockets. It is asserted that the right of the Browns to bring their action in the forum of their choice should not be taken lightly.

■ We have held on numerous occasions that Statutes which permit a defendant to have certain actions tried in the county where he resides are remedial, and are to be liberally construed to the end that a defendant may not unjustly be denied of his right. Exceptions which authorize bringing of suits in a county other than that of a defendant's residence are to be strictly construed. Jones v. Brown, 516 P. 2d 546, 548 (Okl.1973), Hiner v. Hugh Breeding Inc., 355 P.2d 549 (Okl.1960).

■ The fact that counsel may be inconvenienced by transfer is entitled to little weight, and is not a relevant consideration. It will almost always be the case that the granting of a transfer will inconvenience counsel in transferor district. If employment of counsel were to be accorded much emphasis in motions of this type, the doctrine of intrastate forum non conveniens would be rendered virtually nugatory. See Cressman v. United Air Lines, Inc., 158 F. Supp. 404 (D.C.S.D.N.Y.1958); 1 A.L.R. Fed. 15.

■ We also find in the instant case that the residence or inconvenience of possible medical witnesses is not a determinative factor. Such witnesses are usually selected for their reputation and special knowledge without regard to their residences. The burden and expense of obtaining the testimony of medical experts who examined the plaintiff at the suggestion of plaintiff's attorneys is not determinative of the issue of transfer. See Johnson v. Smith Meal Company, 160 F.Supp. 208 (D.C.E.D.N.Y.1958); International Investment Company. v. Merola, 175 Cal. App.2d 439, 346 P.2d 209 (1959).

A similar question was presented in St. Louis-San Francisco Railway Company v. Superior Court, Creek County, 290 P.2d 118 (Okl., 1955). This case, which we believe is analogous, involved the application of the doctrine of interstate forum non conveniens. We held in the second syllabus at page 119 that:

"The expectation of obtaining a higher verdict does not constitute a valid reason for selecting an otherwise inappropriate and inconvenient forum for the trial of a case, *nor does the employment of medical experts within the selected forum convert an otherwise inappropriate and inconvenient forum into a convenient and appropriate forum.*" (Emphasis ours.)

█ Calendar conditions are not decisive of the question of transfer. See Securities and Exchange Com'n v. Golconda Mining Co., 246 F.Supp. 54, (D.C.S.D.N.Y.1965). The burden of jury duty ought not to be cast lightly upon a district which has no relation to the litigation. See Grubs v. Consolidated Freightways, Inc., 189 F.Supp. 404 (D.C.Mont.1960).

None of the factors urged by respondents are controlling, but should simply be considered with other relevant factors.

█ After careful rumination of the facts and allegations urged by the parties, we believe that Oklahoma County is an inconvenient forum for the trial of this case. The convenience of the Browns in having the action tried in Oklahoma County is reduced to the convenience to Safeway and Herridge and their witnesses outweigh the convenience to the Browns. None of the witnesses to the accident reside in Oklahoma County. All of the non-corporate parties are residents of Woods County. They may find attendance at a trial 171 miles from their residence a burden. Defendants could be deprived of compulsory process for the attendance of unwilling witnesses and subjected to additional cost for obtaining willing witnesses. Also, a view of the premise by the jury may be advantageous and expedient. This action did not arise in, and is of no legal importance to, the citizens of Oklahoma County. It is an unnecessary burden upon its judicial system. Gulf Oil Company v. Woodson, 505 P.2d 484, 488 (Okl.1972); St. Louis-San Francisco Railway Co. v. District Court of Creek County, 512 P.2d 170, 171 (Okl.1973). If plaintiffs are permitted to select counsel and medical witnesses away from the situs of the accident, and render an inconvenient forum convenient, forum shopping could occur, in every action of this sort, and defendants could be routinely deprived of their right to trial in the county of their residence.

Under the facts and the circumstances of this case, the trial court abused its discretion. We, therefore, order the District Court of Oklahoma County to transfer and change the venue to the District Court of Woods County. The respondent judge is hereby prohibited from proceeding further except as ordered herein.

Writs granted.

DAVISON, C. J., WILLIAMS, V. C. J., and IRWIN, BERRY, LAVENDER, SIMMS and DOOLIN, JJ., concur.

BARNES, J., dissents.