**William H. HARWOOD, Petitioner,**

v.

**Charles S. WOODSON, District Judge of the Twenty-Fourth Judicial District of the State of Oklahoma, Respondent.**

No. 50616.

Supreme Court of Oklahoma.

April 1, 1977.

Rehearing Denied June 7, 1977.

**2** 

Foliart, Mills & Niemeyer, Oklahoma City, for petitioner.

Jack B. Sellers Law Associates, Inc., Sapulpa, for respondent.

**LAVENDER, Vice Chief Justice:**

The issue in this original action is the failure of the trial court to apply the doctrine of intrastate forum non conveniens.

Petitioner, William H. Harwood (Harwood), was the named and sole defendant in three tort actions arising from an automobile accident. These actions were filed in the Drumright division of the District Court of Creek County. Harwood was personally served while traveling through Creek County. The accident occurred in Lincoln County. All parties, both plaintiffs and defendant, resided in Lincoln County. Medical expert witnesses resided in Oklahoma and Payne Counties. Medical records, and other possible medical evidence, were located in Oklahoma and Payne Counties. The occurrence witnesses resided in Lincoln County. No party, witness, or evidence resided, or was located, in Creek County. Sole contacts of Creek County with this litigation was place of service and closeness of trial location (Drumright) to accident site, though in another county.

Based on doctrine of forum non conveniens, Harwood filed timely motions to transfer these actions to the District Court of Lincoln County. Trial court overruled those motions and refused transfer. Harwood brings this original action. He asks this court to assume original jurisdiction and issue writ of mandamus against trial court to order a change of venue.

Plaintiffs (plaintiffs) in these tort actions, through the respondent judge, argue (1) a Drumright trial location is closer to the accident site than a Chandler trial location, so more convenient; and (2) 12 O.S.1971, § 141 gives Creek County proper venue with 12 O.S.1975, § 143 refusing to allow that venue to be changed.

We assume jurisdiction and grant the writ of mandamus.

 The doctrine of intrastate forum non conveniens was recognized and applied in this jurisdiction with *Gulf Oil Company v. Woodson*, Okl., 505 P.2d 484 (1972). There, the doctrine was found to be bedded in common law. It became a part of the common law of this state. The opinion notes the importance in venue questions in transitory tort actions of not depriving compulsory process for the attendance of unwilling witnesses and subjecting a party to additional costs for obtaining willing witnesses. This importance was said to be "especially true where medical witnesses are required." On the issue of transferring from one county having venue to another having venue, the opinion points to giving weight to (1) valuable right of the defendant to be sued where he resides, and (2) where the transitory action arose. Procedural guidelines for applying the doctrine are set out. The doctrine addresses the broad equity powers of the trial court. This court "will not grant relief from the trial court's action unless there are *sound reasons for so doing.*" (Emphasis added.)

■ Plaintiffs argue a Drumright trial location as closer to the place of the accident, though in another county, as more convenient. Any such convenience must be weighed against the ability to compel medical witnesses and evidence from Oklahoma County. Attendance of witness by subpoena power is limited to county of residence or a county adjoining the resident county. 12 O.S.1971, § 390. Lincoln and Oklahoma Counties are adjoining. Creek and Oklahoma Counties are not. We come down on the side of subpoena power as to the Oklahoma County medical testimony and evidence as opposed to any convenience of the Drumright trial location. Compulsory process as to the Oklahoma County evidence is denied with the Creek County venue.

■ Plaintiffs would counter lack of compulsory process with pledged cooperation, i. e. aiding in making medical witnesses and records available. A legal right, such as compulsory process, need not be surrendered for voluntary acts of cooperation. Admirable as cooperation of the opposing party might be, it is not the same. We reject this position of the plaintiffs.

■ As to the transitory tort actions here involved, venue by statute could lie in either the District Court of Creek County, the place of service [§ 141(1)] or Lincoln County, the county of defendant's residence (§ 139) and the county where damage was sustained. [§ 141(2)]. With this multiple venue, plaintiffs argue 12 O.S.1975, § 143 prohibits venue change based on forum non conveniens. We do not agree.

■ Section 143 provides:

"All venue statutes are cumulative wherever they appear and any action brought under any such statute may be maintained where brought. No court shall apply one venue statute in preference to another whether considered general or special."

This section addresses the problem of multiple sections that statutorily allow venue in more than one district court. This statute makes the venue statutes cumulative. If venue attaches under any statute, then that action is *rightly brought.* The venue statutes are equal in establishing venue. One statute is not to be preferred over another. This is true where a preference is sought to be established on the principal of a special venue statute as against a general venue statute. That distinction, with any resulting preference, is abolished for venue purposes.

■ Section 143 does not abolish or affect the application of forum non conveniens in this jurisdiction. That doctrine does not rely on statute. That doctrine is born in common law. Its application comes with multiple venues created by different statutes but of equal application as called for by § 143. The doctrine's application can come only after conditions and considerations encompassed thereby are involved. Many of these principal considerations are outlined in *Gulf Oil Company, supra.*

■ We now make application to this present case. Venue lies by reason of § 141(1) in Creek County. Venue lies by reason of §§ 139 and 141(2) in Lincoln County. The tort actions here would be rightly brought in either county. Venue cannot be determined by a preferred application of §§ 139 or 141(2) over § 141(1). Plaintiffs filed their transitory tort actions in Creek County with venue established through the place of service by § 141(1). Those actions are *rightly brought.* An attack could not be made based on lack of venue. An attack cannot be made based on the proposition there is another venue statute that is applicable. But, even though *rightly brought,* this does not rule out an attack on venue bottomed on the common law doctrine of forum non conveniens. This Harwood did. The consideration of that doctrine is not abrogated and destroyed by § 143.

*Gulf Oil Company, supra,* is controlling here. The only contacts with Creek County are place of service and trial location closeness in relation to the site of the accident, though in different counties.

Weighing the principal considerations of *Gulf Oil Company, supra,* leads us to a

**4**

finding of an abuse of discretion by the trial court in denying the application of the doctrine of intrastate forum non conveniens in the exercise of his broad equitable powers. These are (1) compulsory process of medical witness; (2) right of defendant to be sued in place of his residence; and (3) place where the transitory cause of action arose. Here, these considerations are sound reasons for granting the relief sought in the original action. That test of *Gulf Oil Company, supra,* is met.

Respondent judge is directed to transfer the records and pleadings and to order change of venue in said causes to the District Court of Lincoln County.

Jurisdiction assumed; Writ of Mandamus granted.

HODGES, C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, SIMMS and DOOLIN, JJ., concur.

BARNES, J., dissents.