Edna SCHWARTZ, and Richard E. Schwartz, Appellants,

v.

Philip R. DIEHL, an Individual, Jailor and Deputy Sheriff of Osage County, George Wayman, Sheriff of Osage County, and Boyd Peters, Under Sheriff of Osage County, and Maryland Casualty Company of Baltimore, a corporation, Appellees.

No. 49187.

Supreme Court of Oklahoma.

June 7, 1977.

Rehearing Denied Sept. 13, 1977.

Paul F. Fernald, Keller & Fernald, Oklahoma City, for appellants.

Hamilton & Lambert, Oklahoma City, Heskett & Heskett, Harvey Payne, Asst. Dist. Atty., Pawhuska, for appellees.

SIMMS, Justice.

Plaintiffs, owner of a grocery store in Osage County, Oklahoma, brought action against the Sheriff of Osage County and two of his deputies and their bonding entity, Maryland Casualty Company, a foreign insurance company, for an allegedly wrongful execution upon plaintiff's property. All actions by the sheriff and his deputies which form the basis of this suit took place in Osage County, and were done under color

of authority of their office. Plaintiffs filed their petition in Oklahoma County. Service of summons was obtained upon the public officers of Osage County in Osage County. Service upon Maryland Casualty was obtained upon its statutory service agent, the State Insurance Commissioner, in Oklahoma County.

The sheriff and his deputies specially challenged the process, venue and jurisdiction of the Oklahoma County District Court.

Plaintiffs relied upon 12 O.S.Supp. 1975, § 143, in support of their contention that venue was proper as to all defendants in Oklahoma County. The trial judge sustained defendants' attack on the venue and quashed the summons based upon his conclusion that § 143 was unconstitutional.

Section 143 states:

"All venue statutes are cumulative wherever they appear and any action brought under any such statute may be maintained where brought. No court shall apply one venue statute in preference to another whether considered general or special."

The trial judge found the statute fatally defective for the reasons that "it is vague and ambiguous and has the effect of repealing all special venue statutes without meeting the requirements of a repealing statute; that by its own language, the statute contradicts itself and creates a preference when an action is brought by virtue of one venue statute when another is just as, if not more, applicable."

Plaintiffs appealed and the Court of Appeals, Division 2, vacated the trial court's order and remanded the cause for further proceedings. Defendants seek Certiorari. We Grant Certiorari and, for the reasons discussed below, vacate the opinion of the Court of Appeals and affirm the trial court. For convenience, the parties will be referred to by their designation in the trial court.

Plaintiffs contend that their action was properly filed in Oklahoma County by reason of Art. 9, Okl.Const., and 12 O.S.1971, § 137,[1] which authorizes suit against a foreign insurance company in the county where the company has an agent. By law (36 O.S.1971, § 621), Maryland Casualty's agent is the State Insurance Commissioner who is officially located in Oklahoma County. Plaintiffs argue that because the action was "rightfully brought" against Maryland Casualty in Oklahoma County, issuance of summons to the individual defendants in Osage County was authorized by 12 O.S. 1971, § 154.[2] Plaintiffs argue that 12 O.S., 1975 Supp., § 143 is constitutional and that it requires the action to remain in Oklahoma County.

Defendants submit various arguments in support of the trial judge's determination that § 143 is unconstitutional. Defendants also contend that regardless of the constitutionality of § 143, summons was properly quashed because under 12 O.S.1971, § 133,[3] only Osage County had proper venue of the individual public official defendants. Therefore the action, defendants assert, was not "rightly brought" in Oklahoma County, as required by 12 O.S.1971, § 154, and service upon them was a nullity.

---

1. Section 137 provides: "In addition to the other counties in which an action may be brought against a nonresident of this state, or a foreign corporation, such action may be brought in any county in which there may be property of or debts owing to such defendant, or where such defendant may be found, or in any county where a codefendant may properly be sued; if such defendant be a foreign insurance company the action may be brought in any county where such cause of action, or any part thereof, arose, or where the plaintiff resides or where such company has an agent."

2. Section 154 states that: "Where the action is rightly brought in any county, a summons shall be issued to any other county against any one or more of the defendants, at the plaintiff's request."

3. Section 133 provides: "Actions for the following causes must be brought in the county where the cause, or some part thereof arose: First, * * * Second. An action against a public officer for an act done by him in virtue, or under color, of his office, or for neglect of his official duties. Third. An action on the official bond or undertaking of a public officer."

■ We agree with defendants' statutory analysis and find it unnecessary to reach the constitutional issues raised by the parties. Courts, of course, will pass upon the constitutionality of a statute only when it is necessary to a determination on the merits. *In re Mayes-Rogers Counties Conservancy Dist. Formation*, Okl., 386 P.2d 150 (1963).

■ We are concerned here with multiple joint defendants. The venue of actions against multiple joint defendants "lies only in the county or counties meeting the requirements of all applicable specific venue statutes" and only "when such requirements have been met, the action is 'rightly brought'" as authorized by § 154. *City of McAlester v. Fogg*, Okl., 312 P.2d 867 (1956); *Missouri-Kansas-Texas R. R. v. Coryell*, Okl., 483 P.2d 1148 (1971).

■ Suits against public officials for actions in virtue, or under color, of their office are restricted by § 133 to the county where the cause of action arose. See, *Starns v. District Court of Oklahoma County*, Okl., 376 P.2d 592 (1962). In this action venue as to the individual public official defendants exists only in Osage County.

Venue over Maryland Casualty is statutorily permissible both where the cause of action occurred (Osage County) and where their agent is located (Oklahoma County) § 137. The venue of the cause of action against Maryland Casualty, however, does not establish the venue of the action against the individual defendants. *State ex rel. Dir. of Okl. Alc. Bev. Con. Bd. v. Smith*, Okl., 519 P.2d 477 (1974).

Osage County, the county where the cause of action arose, is the only forum which meets the requirements of all applicable venue statutes.

■ This result is not changed by the existence of § 143. The provisions of § 143 that venue statutes are "cumulative" and disallowing preference of one statute over another, are necessarily dependent upon venue being proper in two or more counties.

It is clear that § 143 is not applicable where venue is statutorily authorized in only one county. There is no question in this action of "cumulative" statutes or "preferences". Venue of the action against the multiple joint defendants is proper only in Osage County. Section 143 does not require that venue be granted improperly as to multiple defendants simply because venue is proper as to one defendant.

To paraphrase the language of the Court in *Fogg, supra,* if the plaintiffs had so desired they could have maintained the action as against all defendants in the county where the cause of action arose but, if they chose to bring it in a county where venue did not lie as to the individual defendants, then, those defendants had the option of saying whether or not they would submit to suit in that jurisdiction.

The defendants here have refused to submit to suit in Oklahoma County. The trial court's judgment quashing the summons was correct.

■ We wish to stress that the additional conclusion reached by the Court of Appeals that § 143 overrules the doctrine of intrastate forum non conveniens is incorrect. This issue was very recently addressed by this Court in *Harwood v. Woodson*, 561 P.2d 1 (Okl.1977), wherein we stated that:

"Section 143 does not abolish or affect the application of forum non conveniens in this jurisdiction. That doctrine does not rely on statute. That doctrine is born in common law. Its application comes with multiple venues created by different statutes but of equal application as called for by § 143. The doctrine's application can come only after conditions and considerations encompassed thereby are involved."

Opinion of the Court of Appeals Vacated. Order of the trial court Affirmed.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY and DOOLIN, JJ., concur.