Thomas G. KENNEDY, Jr., and State Farm Mutual Automobile Insurance Company, Petitioners,

v.

The Honorable William H. HENDERSON, Judge of the District Court of Oklahoma County, Respondent.

No. 75468.

Supreme Court of Oklahoma.

July 3, 1990.

## ORDER

Original jurisdiction is assumed. Respondent, William H. Henderson, Judge of the District Court of Oklahoma County, or any other assigned judge, is prohibited from proceeding further in *Deloris Poole v. Thomas G. Kennedy, Jr., and State Farm Mutual Automobile Insurance Company,* filed in the District Court of Oklahoma County, except for the sole purpose of transferring said cause to the District Court of Blaine County. The doctrine of

intra-state forum non-conveniens should be applied to this case. *Schwartz v. Diehl,* 568 P.2d 280, 283 (Okla.1977); *Harwood v. Woodson,* 565 P.2d 1, 3 (Okla.1977); and *Safeway Stores, Inc. v. Martin,* 530 P.2d 131 (Okla.1974).

/s/ Ralph B. Hodges
Acting Chief Justice

HODGES, LAVENDER, SIMMS, DOOLIN and SUMMERS, JJ., concur.

HARGRAVE, C.J., OPALA, V.C.J., and ALMA WILSON and KAUGER, JJ., dissent.

OPALA, V.C.J., with whom ALMA WILSON and KAUGER, JJ., join, dissenting.

The court applies today Oklahoma's common-law doctrine of intrastate *forum non conveniens* to command that venue of this district court case be moved from Oklahoma to Blaine County. I must recede from its order. I would leave the plaintiff's choice of venue undisturbed and declare the invoked doctrine of our unwritten law [1] abrogated by recent discordant legislative enactments.

## I.

PLAINTIFF'S CLAIM TO HIS CHOSEN VENUE IS EXPLICITLY ESTABLISHED *BY STATUTE* AND MUST BE LEFT UNDISTURBED UNLESS THE *PLAINTIFF'S CHOICE* IS FOUND TO BE FRAUGHT WITH SOME CONSTITUTIONAL INFIRMITY

Legislative law *in force since 1975 expressly commands* the courts to treat venue provisions as *cumulative.* 12 O.S.1981 § 143.[2] *Each* venue statute must be ac-

---

1. "Unwritten law," or *lex non scripta,* is a synonym for the common law. *McCormack v. Oklahoma Pub. Co.,* Okl., 613 P.2d 737, 740 [1980].

2. The terms of § 143, which *became effective May 6, 1975,* provide:
"All venue statutes are *cumulative* wherever they appear and any action brought under any such statute may be maintained where brought. *No court shall apply one venue stat-*

ute in preference to another whether considered general or special." [Emphasis added.]
See *Schwartz v. Diehl,* Okl., 568 P.2d 280, 283 [1977].
The term "cumulative" denotes *additional* remedial provisions which are supplemental *and not mutually exclusive.* A cumulative provision is (a) one *added* to others that still remain in force, (b) one that *has no negative* effect, and (c)

corded *equal efficacy*. If two or more counties afford proper venue, *none* may be given *judicial preference* over another. This court's own preference for another situs cannot render nugatory those provisions under which the plaintiff in the case below laid venue in Oklahoma County, 12 O.S.1981 § 141.[3] The common-law doctrine of intrastate *forum non conveniens* may not be used to repeal *any* venue statute.[4] The judiciary is powerless to alter a plaintiff's choice of statutorily available venue unless the presence of some constitutional infirmity mandates a change of the trial situs. Only when venue impairs or denies a party that minimum of process which is its due, may this court intercede by invoking its fundamental law's authority of superintendence over inferior courts, conferred upon it by Art. VII, § 4, Okl. Const.[5]

All extant court opinions that ascribe primacy to intrastate *forum non conveniens* jurisprudence over *any* discordant statutory provision or *elevate judicial power over the plaintiff's choice of venue to a supra-statutory dimension must now be*

*overruled*. That body of Oklahoma's unwritten law clearly rests on a *flawed foundation*. It ignores the hierarchical superiority of statutory provisions over *any* contrary judge-fashioned legal norm and overlooks the force of the 1975 enactment of § 143.[6]

Case law must always bow to the legislature's declared will that does not contravene the fundamental law of the State.[7] By its enactment of § 143 in 1975, the lawmaking body explicitly trumps *any* vehicle for judicial venue alteration. In short, *all* venue provisions, which are now *cumulative*, shield the plaintiff's statutorily available choice from judicial interference *on any ground other* than that which is anchored in the constitution.

## II.

## THE DOCTRINE OF INTRASTATE *FORUM NON CONVENIENS* STANDS ABROGATED BY 12 O.S.1981 §§ 140,[8] 141[9] and 143[10] AND BY 12

---

one that *does not vitiate any pre-existing rights*. See *In re Radio–Keith–Orpheum Corporation*, 91 F.2d 938, 941 [2nd Cir.1937]; *People v. Santa Fe Federal Savings & Loan Ass'n.*, 28 Cal.2d 675, 171 P.2d 713, 717 [1946]; and *State v. Barboglio*, 63 Utah 432, 226 P. 904, 907 [1924].

3. The pertinent terms of 12 O.S.1981 § 141 provide:

"*The venue of civil actions for damages resulting from the use or operation of motor vehicles,* or resulting from the operation of boats or other watercraft in the waters of this state, wherein the defendant or defendants resided in the State of Oklahoma at the time of injury, *shall be, at the option of the plaintiff or plaintiffs, in either of the following:*
1. In any county of Oklahoma where service of summons can be obtained upon one or more of the defendants as now provided by law.
2. In any county where the damages or a part thereof were sustained.
* * *" [Emphasis added.]

4. See *Consolidated Flour Mills Co. of Kansas v. Sayre Wholesale G. Co.*, 176 Okl. 482, 56 P.2d 781, 783 [1936].

5. The pertinent terms of Art. 7, § 4, Okl. Const., provide:

"The appellate jurisdiction of the Supreme Court shall be coextensive with the State and shall extend to all cases at law and in equi-

ty.... The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all Agencies, Commissions and Boards created by law."

6. *Chapman v. Parr*, Okl., 521 P.2d 799, 803–804 [1974], where this court pronounced:

"*This Court should not extend the venue statutes beyond those limitations intended by the legislature*, nor, should this Court effectively overrule legislative intent ... by judicial fiat. Nor, should this Court deprive the plaintiff her legislatively granted right to bring and maintain the ... action...." [Emphasis added.]

7. 12 O.S.1981 § 2. Its pertinent terms provide:

"The common law, *as modified by constitutional and statutory law*, judicial decisions and the condition and wants of the people, shall remain in force in aid of the general statutes of Oklahoma...." [Emphasis added.]

8. The pertinent provisions of 12 O.S.1981 § 140 are quoted in Part II.

9. See *supra* note 3.

10. For the text of 12 O.S.1981 § 143 see *supra* note 2.

O.S.SUPP. 1985 § 2004.1(E) [11]

The plaintiff's choice of venue should remain undisturbed for an additional reason. When the doctrine of intrastate *forum non conveniens* was first woven into the fabric of Oklahoma case law, a subpoenaed witness could be compelled to testify at trial *only* in the county of his residence, an adjoining county, or the county in which he was served.[12] What prompted this court to adopt the common law's doctrine for intrastate application was chiefly its desire not to leave the defendant stripped of compulsory process in those cases where a plaintiff would lay venue at some location that was too remote to reach by subpoena the defense witnesses sought for appearance at trial.[13] The court rightly perceived that the want of means to secure compulsory process for the witnesses' attendance from a distant residence served to impair the defendant's opportunity for a fair trial. Our past pronouncements doubtless intended to implement the statutory command found in 12 O.S.1981 § 140. The terms of this section articulate our constitutionally mandated policy that "[i]n all cases in which it is made to appear to the court that a fair and impartial trial cannot be had in the county where the suit is pending, the court may ... change the place of trial...." Section 140, whose terms yield the *sole statutory source* of authority for a *judicially* ordered change of venue, is designed to safeguard the constitutional concept of fair trial and to afford due process to a litigant crippled by the trial situs of his adversary's choosing.

The recent enactment of 12 O.S.Supp. 1985 § 2004.1(E) vastly expanded the power to compel witness attendance at trial.[14] A subpoena for compulsory attendance of a witness may now be served *anywhere* within the state. A party's capacity to hale witnesses into court from a distant residence *no longer* can be regarded as a matter of due process concern. With the legislative removal of the main pillar on which the doctrine's intrastate application came to be rested, *forum non conveniens* must be withheld today as a weapon to defeat an adversary's statutorily permissible venue option and to replace a lawfully exercised plaintiff's choice with the court's *own* preference.[15] *Cessante ratione legis, cessat ipsa lex.*[16]

### III.

### SUMMARY

The Legislature's abrogation of the common-law doctrine of intrastate *forum non conveniens* is plain from 1) the terms of 12 O.S.1981 §§ 140, 141 and 143, which sections, when read together, make the plaintiff's choice of statutorily available venue impervious to judicial tinkering, *absent some constitutional infirmity,* and 2) the provisions of 12 O.S.Supp. 1985 § 2004.1(E), which enable litigants to seek compulsory attendance of witnesses from *anywhere within the state.* Statutorily available venue, once laid by the plaintiff,

11. The pertinent terms of 12 O.S.Supp.1985 § 2004.1(E) provide:

"At the request of any party subpoenas for attendance at a hearing or trial shall be issued by the clerk of the district court for the county in which the hearing or trial is held. *A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within this state.*" [Emphasis added.]

12. See 12 O.S.1981 § 390, repealed November 1, 1984. Okl.Sess.Laws 1984, Ch. 164, § 32, p. 628. Its pertinent terms provided:

"*A witness shall not be obliged to attend for examination on the trial* of a civil action or to attend to give his deposition *except in the county of his residence or a county adjoining the county of his residence, or where he may*

*be when the subpoena is served upon him* ...." [Emphasis added.]

13. See *Harwood v. Woodson,* Okl., 565 P.2d 1, 3 [1977]; *Gulf Oil Company v. Woodson,* Okl., 505 P.2d 484, 488 [1972]; *St. Louis–San Francisco Railway Co. v. District Court,* Okl., 512 P.2d 170, 171 [1973]; and *Simpson v. Woodson,* Okl., 508 P.2d 1069, 1071 [1973].

14. See *supra* note 11 for the terms of 12 O.S. Supp.1985 § 2004.1(E).

15. *Chapman v. Parr, supra* note 6.

16. The maxim *cessante ratione legis, cessat ipsa lex* means that a rule of common law becomes inefficacious when the reason for its application has ceased to exist. See *Cleve v. Craven Chemical Co.,* 18 F.2d 711, 714 [4th Cir.1927].

must be deemed conclusively *binding upon the courts,* except *only* when that choice be found to impair or deny an adversary's right to the minimum standards of fairness embodied in the Due Process Clause.

I would assume original cognizance of this case and deny the writ by an opinion declaring the common-law doctrine of intrastate *forum non conveniens* abrogated by the 1975 enactment of 12 O.S.1981 § 143, read together with 12 O.S.1981 §§ 140 and 141, and by 12 O.S.Supp. 1985 § 2004.1(E). The doctrine should now be relegated to antiquarian lore as an extinct dodo bird.